**GULF INSURANCE COMPANY, Appellant,**

v.

**Elvia ADAME, Appellee.**

**No. 8947.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 30, 1978.

William A. Clifford, Lubbock, for appellant.

Mark Smith & Associates, Mark Smith, Lubbock, for appellee.

DODSON, Justice.

Appellant Gulf Insurance Company attempts to appeal from an order of the trial court granting the parties a new trial. Appellant maintains that the trial court lacked jurisdiction to grant a new trial. We determine that the trial court had plenary power to grant a new trial and that an appeal does

not lie from this interlocutory order. Accordingly, the appeal is dismissed.

Ms. Adame brought this action under the Workmen's Compensation Act seeking damages for alleged incapacity resulting from an injury sustained in the course of her employment. Judgment based on the jury verdict in favor of Ms. Adame was rendered on 21 November 1977.

On 1 December 1977 appellant timely filed its motion for a new trial. This motion was overruled by operation of law on 16 January 1978.[1] Tex.R.Civ.P. 329b(1), (4). Ms. Adame's motion for new trial was not timely filed. Tex.R.Civ.P. 329b(1).

On 26 January 1978 the trial court entered its order granting a new trial. The order recited that the new trial was being granted upon the court's "own motion and consideration" and "in the interest of justice to each of the parties." This order was entered within 30 days after appellant's motion for new trial was overruled by operation of law. Thus, the trial court had plenary power to reverse, modify or vacate the judgment at any time before it became final. Tex.R.Civ.P. 329b(5); *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.1978); *Herrera v. Talbert*, 316 S.W.2d 952, 954 (Tex.Civ. App.—San Antonio 1958, no writ). Furthermore, the trial court may exercise this power "without the necessity of a formal written or oral motion by a party, or for reasons not incorporated in a motion duly filed." 4 R. McDonald, Texas Civil Practice § 18.03 (1971) and authorities cited therein.

We conclude that the order entered by the trial court is an interlocutory order. It is not a final judgment, and therefore no appeal will lie. We are without power to review it. Therefore, no other questions raised by the parties can be considered. *Lynn v. Hanna*, 116 Tex. 652, 296 S.W. 280 (1927).

Appeal dismissed.

---

1. The 45th day fell on a Sunday. Therefore, the time was extended to include the 16th day of January. *See Longview Transit Co. v. Ferc-*

*hill*, 312 S.W.2d 407 (Tex.Civ.App.—Texarkana 1958, no writ).