**Robert B. MILLER, Appellant,**

v.

**Frank P. HERNANDEZ, Appellee.**

**No. 05–85–01397–CV.**

Court of Appeals of Texas, Dallas.

March 17, 1986.

Lana Johnston, Dallas, for appellant.

Boyd Waggoner, Valli Jo Rowley, Dallas, for appellee.

Before GUITTARD, C.J., and McCRAW and STEWART, JJ.

GUITTARD, Chief Justice.

Appellee Frank P. Hernandez has filed a motion to dismiss this appeal for want of jurisdiction, contending that appellant Robert B. Miller failed to file his cost bond within the time allowed by rule 356(a).[1] We hold that the bond was timely and thus that we have jurisdiction of the appeal.

The trial court signed the first judgment in this case in favor of Hernandez on August 30, 1985. Then, on September 30, within the thirty days prescribed by rule 329b(a), Miller filed a motion for new trial. On November 8, acting within its plenary power, the trial court signed a judgment that vacated the August 30 judgment but still provided that Miller take nothing against Hernandez. Then, on December 17, Miller filed his cost bond.

Hernandez states that the corrected judgment of November 8 became the final judgment for purposes of calculating the time for appeal under rule 329b(h). He points out that Miller filed no motion for new trial within thirty days after that date and filed no motion for extension of the time for filing his bond. Consequently, Hernandez argues, under rule 356(a) the bond was due thirty days after November 8 and Miller's bond filed on December 17 was late. Miller replies that his motion for new trial filed on September 30 operated to extend the time for filing his bond until ninety days after the November 8 judgment under rule 356(a) and thus that the bond was timely filed.

■ We agree that the time for appeal ran from the corrected judgment of November 8, rather than from the original judgment of August 30. We recognize that the operative provisions of the August 30 judgment were not changed and that the only difference in the November 8 judgment was deletion of the recital that the court granted a directed verdict "for the reason that no expert witness was presented by Plaintiff as to the Defendant's negligence." However, although the supreme court held in *Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex.1973), that the trial court may not make an order that simply affirms a former judgment and thereby enlarge the period for perfecting an appeal, the supreme court has since amended rule 329b(h) to provide: "If a judgment is modified, corrected or reformed *in any respect,* the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed...." (Emphasis added.) Consequently, the corrected judgment started the time for appeal running again.

■ We conclude, however, that the motion for new trial filed September 30 may be considered a premature motion within the provisions of rules 306c and 377a and, therefore, as effective to extend the time for filing the appeal bond until ninety days after the corrected judgment of November 8. Before adoption of the extensive amendments to the appellate rules in 1981 and 1984, several appellate courts had held that a motion for new trial addressed to an

---

**1.** All references to rules are to the Texas Rules of Civil Procedure.

earlier judgment could not be considered a premature motion applicable to a later judgment under rule 306c, which provides that a premature motion "shall be deemed to have been filed on the date of but subsequent to the date of signing of the judgment the motion assails...." *Castello v. Castello*, 608 S.W.2d 238, 240 (Tex.Civ.App.—San Antonio 1980, no writ); *Wilson v. Worley*, 562 S.W.2d 22, 23 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.); *cf. Flesher Construction Co. v. Hauerwas*, 491 S.W.2d 202, 204 (Tex.Civ.App.—Dallas 1973, no writ) (motion for new trial relating to earlier interlocutory judgment); *Dubert v. Adkins*, 475 S.W.2d 383, 386 (Tex.Civ.App.—Corpus Christi 1971, no writ). However, rule 377a, which took effect April 1, 1984, provides:

(a) Proceedings relating to an appeal need not be considered ineffective because of prematurity if a subsequent appealable order has been signed *to which the premature proceedings may properly be applied.*

(c) If the trial court has signed an order modifying, correcting or reforming the order appealed from, or has vacated that order and signed another, *any proceedings relating to an appeal of the first order may be considered applicable to the second....* [Emphasis added.]

We construe rule 377a as authorizing us to consider a motion for new trial relating to an earlier judgment as applicable to a corrected judgment when the substance of the motion is such as could properly be raised with respect to the corrected judgment. Here the ground stated in the motion for new trial is that the trial court erred in directing a verdict for Hernandez because expert testimony was not required. Although the corrected judgment deletes the recital of the reason for directing a verdict, the new judgment was equally unfavorable to Miller, who was still entitled to assert this ground in his motion for new trial after the corrected judgment was signed, just as if the August 30 judgment had never been signed. That motion is not mentioned in the November 8 judgment. Since no order overruling it was signed, the court could have acted on it any time until January 22, seventy-five days after the corrected judgment was signed, when it was overruled by operation of law under rule 329b(c).

Admittedly, another motion for new trial in identical language filed within thirty days after November 8 would have extended the time for filing the bond until ninety days after that date. Rule 356(a). The amended rules do not require such an empty formality. Rather, they should be construed to accomplish their manifest purpose to eliminate jurisdictional pitfalls that result in dismissals on technical grounds. Barrow, *Appellate Procedure Reform*, 12 ST. MARY'S L.J. 615, 616 (1981); Pope and McConnico, *Practicing Law with the 1981 Texas Rules*, 32 BAYLOR L.REV. 457, 497 (1980). Thus, construing the amended rules liberally in favor of the right to appeal, we hold that the motion for new trial filed September 30, though relating to the judgment of August 30, may properly be applied to the judgment of November 8 and, therefore, need not be considered ineffective with respect to the later judgment. Consequently, Hernandez's motion to dismiss the appeal is denied.