**A.G. SOLAR & COMPANY, INC., Appellant,**

v.

**Sam E. NORDYKE, Appellee.**

**No. 05–87–01064–CV.**

Court of Appeals of Texas, Dallas.

Jan. 11, 1988.

Kenneth Babcock, Dallas, for appellant.

Raymond J. Elliott, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and McCRAW[1], JJ.

ENOCH, Chief Justice.

Appellant A.G. Solar & Company, Inc. ("Solar"), attempts to appeal a judgment awarding appellee Sam E. Nordyke ("Nordyke") certain actual and exemplary damages. On the Court's own motion, we requested the parties to brief whether we have jurisdiction over this appeal. We have reviewed the briefs. For the reason given below, we conclude that we do not

---

1. The Honorable John L. McCraw, Jr., Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, concurred in this opinion prior to his retirement on December 28, 1987.

have jurisdiction, and accordingly dismiss the appeal.

The chronology of events is as follows:

March 26, 1987: The trial court entered judgment that Nordyke recover $8,234.23 from Solar in actual damages, and twice that amount in exemplary damages.

April 27: Solar filed a motion for new trial. Solar also filed, in a separate instrument, a motion to correct and reform judgment, arguing that the jury's verdict did not support an award of $8,234.23 actual damages, but actual damages only in the amount of $7,925.00. It requested that the judgment be corrected accordingly, with a corresponding decrease in the award of exemplary damages. Both motions were timely, because April 25 was a Saturday. *See* TEX.R.CIV.P. 4.

June 9: The trial court took no action on either Solar's motion for new trial or Solar's motion to correct and reform judgment, so both motions were overruled by operation of law. *See* TEX.R.CIV.P. 329b(c).

June 30: Still within the period of the trial court's plenary jurisdiction, *see* TEX. R.CIV.P. 329b(e), the trial court corrected its judgment to award Nordyke only $7,925.00 in actual damages and twice that amount in exemplary damages. In all other respects, the judgment remained unchanged.

September 22: In an attempt to appeal the June 30 judgment, and without having filed another motion for new trial directly attacking the June 30 judgment, Solar filed its cost bond.

Because the trial court corrected its judgment within the time of its plenary jurisdiction, the appellate timetable ran from the June 30 judgment. *Miller v. Hernandez*, 708 S.W.2d 25, 26 (Tex.App.—Dallas 1986, no writ). The only issue is whether Solar's April 27 motion for new trial extended the time to file a cost bond for 90 days after the corrected judgment. *See* TEX.R.APP.P. 41(a)(1).

Citing *Miller*, Solar argues that its April 27 motion for new trial (as distinct from its motion to correct and reform judgment)

also assailed the June 30 judgment in the same way that it assailed the March 26 judgment. Therefore, Solar concludes that rule 58 of the Texas Rules of Appellate Procedure applies. We disagree.

Rule 58 provides, in relevant part:

(a) Proceedings relating to an appeal need not be considered ineffective because of prematurity if a subsequent appealable order has been signed to which the premature proceeding may properly be applied.

\*     \*     \*     \*     \*     \*

(c) In civil cases, if the trial court has signed an order modifying, correcting, or reforming the order appealed from, or has vacated that order and signed another, any proceedings relating to an appeal of the first order may be considered applicable to the second....

TEX.R.APP.P. 58; *see also* TEX.R.CIV.P. 306c (premature motion for new trial "shall be deemed to have been filed on the date of but subsequent to the date of signing of the judgment the motion assails"); *Miller*, 708 S.W.2d at 27.

In this case, however, Solar's motion for new trial had been overruled by operation of law on June 9. There was a final disposition of it by June 30, the date that the corrected judgment was entered. We distinguish *Miller* from the instant case for that reason; in *Miller*, the premature motion for new trial had not been overruled by the time a subsequent judgment was entered, and so remained a "live" pleading. *See Miller*, 708 S.W.2d at 26 (motion for new trial would have been overruled by operation of law on November 13, 1985, but subsequent judgment had been entered on November 8); *see also Brazos Electric Power Cooperative, Inc., v. Callejo*, 734 S.W.2d 126, 129 (Tex.App.—Dallas 1987, no writ) (a motion that is not a "live" pleading cannot extend the appellate timetable).

We hold that, when a premature motion for new trial has already been disposed of, it can no longer "assail" a subsequent judgment under rule 306c of the Texas Rules of Civil Procedure, and can no longer "be properly applied" to that judgment un-

der rule 58 of the Texas Rules of Appellate Procedure. We recognize that *Miller* dispensed with the "empty formality" of filing "another motion for new trial in identical language" to the first, within 30 days of a subsequent judgment. Yet there must be a finality to rulings on motions, no less than to judgments generally. We hold, therefore, that, because Solar's motion for new trial had been overruled by the time that the June 30 judgment was signed, and because Solar did not re-assert the motion, the time to perfect the appeal expired no later than July 30. Solar failed to post a bond by that date, and it failed to file a timely motion to extend the time to file a bond. Therefore, we lack jurisdiction over this appeal.

The appeal is dismissed.