**HARRIS COUNTY HOSPITAL DISTRICT, Appellant,**

v.

**Joe ESTRADA, Stella Paredes, Reynaldo Estrada, Mary Elizabeth Landin, Deborah Luna, Anthony Luna, Herman Luna, Armando Luna, Mike Martinez, and John Luna, all Individually and as Surviving Heirs at Law and Next of Kin**

of Carolina R. Gonzales, Deceased, and Linda Vega, Individually and as Surviving Heir at Law and Next of Kin of Carolina R. Gonzales, Deceased, and as Next Friend of Jesus Gonzales, Jr., and Rebecca Gonzales, Individually and as Surviving Heir at Law and Next of Kin of Carolina R. Gonzales, Deceased and as Personal Representative of the Estate of Carolina R. Gonzales, Deceased, Appellees.

No. 01–92–00130–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 8, 1992.

Mike Driscoll, County Atty., Daniel J. Simms, Asst. County Atty., Houston, for appellant.

Patrice M. Barron, Tom Edwards, Houston, for appellee.

Before SAM BASS, WILSON and COHEN, JJ.

## ORDER ON REHEARING

COHEN, Justice.

This is an appeal from a judgment for the plaintiffs in a wrongful death and survival action. Trial was to the court without a jury. We withdraw our opinion of March 26, 1992 dismissing for lack of jurisdiction and substitute this order.

■ The issue before us is whether the deadline to perfect appeal was extended by a motion for new trial that was both filed and overruled before the judgment was signed. We hold that such a motion extends the time to file the bond to perfect appeal.

The chronology of events follows:

August 15, 1991 Trial began.

August 19, 1991 The judge announced judgment for appellees.

September 16, 1991 Appellant filed a motion for new trial. Appellant filed no

request for findings of fact and conclusions of law.[1]

**October 4, 1991** The judge granted appellant's motion for new trial by written order.

**October 10, 1991** By second written order, the judge set aside his order of October 4 and denied the motion for new trial.

**October 16, 1991** The judge signed the final judgment.

**November 19, 1991** Appellant filed written notice of appeal.[2]

**February 6, 1992** Appellant filed a motion to extend the time for filing the transcript and statement of facts.

**February 14, 1992** Appellees filed an opposition to appellant's motion for extension of time and a motion to dismiss the appeal for lack of jurisdiction.

We must decide whether appellant's prematurely filed motion for new trial, which was also prematurely overruled, extended the appellate timetable for perfecting appeal to 90 days after the October 16 judgment.

Appellant had to file its notice of appeal within 30 days of the date the judgment was signed, October 16, 1991, unless it filed a timely motion for new trial, which would give it 90 days to file. Tex.R.App.P. 41(a)(1). Appellant filed its notice of appeal 34 days after the judgment was signed. Appellant filed no motion for extension of time. Tex.R.App.P. 41(a)(2). Thus, appellant's notice of appeal was timely only if its premature motion for new trial of September 16 extended the deadline from 30 days to 90 days. Appellees contend that because the motion had been expressly overruled by signed written order before the judgment was signed, it was ineffective to extend the timetable. We hold, however, that the timetable was extended. Therefore, we have jurisdiction. Consequently, we deny the motion to dismiss and grant appellant's motion for extension of time to file the record.

▮ The Texas Supreme Court has twice enacted rules specifically designed to avoid dismissals in cases like this. These are Tex.R.Civ.P. 306c and Tex.R.App.P. 58(a). Rule 306c provides:

> No motion for new trial ... shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails....

Rule 58(a) provides:

> Proceedings relating to an appeal need not be considered ineffective because of prematurity if a subsequent appealable order has been signed to which the premature proceeding may properly be applied.

The "proceedings relating to an appeal" mentioned in rule 58(a) include motions for new trial. *Alford v. Whaley*, 794 S.W.2d 920, 922–23 (Tex.App.—Houston [1st Dist.] 1990, no writ); *White v. Schiwetz*, 793 S.W.2d 278, 280 (Tex.App.—Corpus Christi 1990, no writ).

Under rule 306c, the premature motion for new trial filed September 16, 1991, is deemed to have been filed on October 16, 1991, the date the judgment was signed, but after the signing of the judgment. There is no question that the premature motion of September 16 assails the judgment of October 16. Therefore, the premature motion for new trial "may properly be applied" to the October 16 judgment. Tex.R.App.P. 58(a). The two rules "should be construed to accomplish their manifest purpose to eliminate jurisdictional pitfalls that result in dismissals on technical grounds." *Miller v. Hernandez*, 708 S.W.2d 25, 27 (Tex.App.—Dallas 1986, no writ).

In our earlier opinion, we concluded that the premature motion did not assail the October 16 judgment because it was overruled on October 10, before that judgment was signed. We held that once it was overruled, the premature motion was no

---

1. Therefore, the provisions of the rules discussed herein that are triggered by a party's request for findings of fact and conclusions of law are inapplicable in this case.

2. The Hospital District is exempt from the requirement of filing a bond and files only a notice of appeal instead. Tex.Civ.Prac. & Rem. Code Ann. § 6.001 (Vernon 1986).

longer a "live" pleading and that only live pleadings were within the meaning of rules 306c and 58(a). For this proposition, we cited three cases. Upon further reflection, we conclude the cases do not support that result. The first is *Miller v. Hernandez.* The language we relied on in *Miller* was dicta; the court held that the premature motion for new trial extended the time to appeal "since no order overruling it was signed...." *Miller,* 708 S.W.2d at 27. The court did not hold and did not cite authority holding that a different result would have been required if, as here, the motion had been overruled before the judgment was signed. The same is true of *Robinson v. Chiarello,* 806 S.W.2d 304, 306–07 (Tex.App.—Fort Worth 1991, writ denied). As in *Miller,* the court held the pending premature motion for new trial extended the deadline and cited no authority that an overruled motion would not have done so.

In *A.G. Solar and Company, Inc. v. Nordyke,* 744 S.W.2d 646 (Tex.App.—Dallas 1988, no writ), the court held the deadline to appeal was not extended because the premature motion for new trial was overruled before the court signed a corrected judgment. *Id.* at 647–48. Thus, because the premature motion was not "live" when the subsequent corrected judgment was signed, it did not "assail" the subsequent judgment under rule 306c, and it could not be "properly applied" to that judgment under rule 58(a). *Id.* The sole authority cited in *Solar* for this "live pleading" requirement was the Dallas Court's own no writ case of *Brazos Electric Cooperative, Inc. v. Callejo,* 734 S.W.2d 126 (Tex.App.—Dallas 1987, no writ). That case is distinguishable from *Solar* for two reasons. First, *Callejo* did not involve a premature motion for new trial, which is entitled to special treatment under rule 306c. Second, *Callejo* held the deadline was extended, the opposite result from *Solar.* Finally, the *Callejo* opinion cites no authority for its conclusion, in dicta, that only a "live" pleading can extend the appel-

late timetable under Tex.R.App.P. 58. *Id.* at 129.

Chief Justice Enoch, who wrote both *Callejo* and *Solar,* elaborated in *Solar* on the perceived live pleading requirement. The *Solar* opinion states:

> We recognize that *Miller* [*v. Hernandez,* cited above] dispensed with the "empty formality" of filing "another motion for new trial in identical language" to the first, within 30 days of a subsequent judgment. *Yet, there must be a finality to rulings on motions, no less than to judgments generally.* We hold, therefore, that [a live pleading was required.]

744 S.W.2d at 648 (emphasis supplied).[3]

■ We disagree. There is no finality to rulings on motions for new trial because they are subject to change, with or without requests from the parties, for considerable periods of time. Trial judges can grant new trials as long as 105 days after signing a judgment, even though no party requests relief. *State v. $50,600.00,* 800 S.W.2d 872, 876 (Tex.App.—San Antonio 1990, writ denied); *Gulf Ins. Co. v. Adams,* 575 S.W.2d 87, 88 (Tex.Civ.App.—Amarillo 1978, no writ); Tex.R.Civ.P. 329b(c), (d), (e). After granting a new trial, a trial judge may, during the period of plenary power, withdraw the order and deny it. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 826–27 (1961). This case demonstrates that fact. The trial judge first granted appellant's premature motion for new trial on October 4, but then, on October 10, he withdrew that order and denied the motion. If rulings on motions were final, this case would not be here. It would be in the district court for retrial, pursuant to the order of October 4 granting a new trial. If rulings on motions were final, we would not now be rehearing our earlier decision granting appellees' motion to dismiss.

The "live" pleadings requirement is especially inappropriate in this case because the premature motion here obviously assails the subsequently signed judgment. The

3. The *Solar* opinion cites no authority for its equation of motion rulings with judgments. *So-* *lar,* 744 S.W.2d at 648.

complaints made in appellant's motion about the oral rendition of judgment also applied to the subsequent written judgment. *See Alford*, 794 S.W.2d at 922–23; *Syn–Labs, Inc., v. Franz*, 778 S.W.2d 202, 205 (Tex.App.—Houston [1st Dist.] 1989, no writ) (premature motion extended the deadline because the complaints it raised also applied to the later judgment); *Clark v. McFerrin*, 760 S.W.2d 822, 825 (Tex. App.—Corpus Christi 1988, no writ) (same); *Johnson v. Tom Thumb Stores, Inc.*, 771 S.W.2d 582, 586 (Tex.App.—Dallas 1989, writ denied) (distinguishing *Solar* because "since we have only one judgment in this case, Ms. Johnson's premature motion could only be directed to that judgment.").

The Texas Supreme Court has twice enacted rules to assure that cases are not dismissed because the motion for new trial was filed too soon. Neither of those rules limits their application to "live" pleadings. To require a "live" pleading here would defeat the purpose of those rules. Such a requirement may be appropriate in a case where the premature motion for new trial has become moot because all the relief it sought was subsequently granted. But to apply such a requirement here, where the complaints raised in the premature motion were not cured, would nullify two specific rules and result in "technical" dismissals, like those criticized in *Miller*, 708 S.W.2d at 27. We decline to create such a requirement because, given the reasons for having rules 306c and 58(a), we find no significant difference between a premature motion that has been prematurely overruled, as in this case, and a premature motion that has not been prematurely overruled.

We hold that when the trial judge denies some or all relief sought in a premature motion for new trial, the motion can "assail" those particular parts of a subsequent judgment under rule 306c of the Texas Rules of Civil Procedure and can "be properly applied" to the subsequent judgment under rule 58(a) of the Texas Rules of Appellate Procedure. Because the trial judge here did not grant all relief sought in appellant's premature motion, the motion assailed the subsequent judgment, and may properly be applied to it. Consequently, it

extends the deadline to appeal to 90 days after October 16, 1991. Therefore, appellant's notice of appeal was timely filed.

The motion to dismiss is denied. Appellant's motion for extension of time to file the record is granted.