Affirmed and Opinion filed _____________, 2002















Affirmed and Opinion
filed June 12, 2003.                                                       

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00883-CV  

____________

 

ROBINETTA WILKINS,
Appellant

 

V.

 

METHODIST HEALTH
CARE SYSTEM AND THE METHODIST
 HOSPITAL,
COLLECTIVELY d/b/a THE METHODIST HEALTH CARE SYSTEM, INC., Appellees

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 280th District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 00-31260




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I
O N

             Robinetta Wilkins sued
Methodist Health Care System (“the System”), owner of Methodist
 Hospital (“the Hospital”) in Houston,
alleging personal injuries caused by the temporary loss of a surgical
instrument in her abdomen during her gall bladder surgery.  One year after the case was filed and long
after limitations had expired, the System objected that it was not the proper
defendant but the Hospital was.  Wilkins
amended her petition to name both, and sent it by mail to the System’s attorney
of record.  She did not request any new
citation.

            The trial court granted summary
judgment for the System (because it was not her health care provider), and dismissed
without prejudice claims against the Hospital (because it was never served).  Wilkins filed a motion for new trial making
new arguments and attaching additional proof. 
In a comprehensive and detailed order, the trial judge granted the
motion for new trial, expressly took into consideration the new arguments and
proof, and then entered the same judgment as before.  Wilkins filed nothing further until her
notice of appeal ninety days later.  

            This appeal raises two issues:
whether a second citation was required before final judgment, or a second
notice of appeal was required after it.  Because
the Texas appellate rules appear
to be more forgiving than the rules of civil procedure, we believe a second
notice of appeal was not necessary but a second citation was.  Accordingly, we have jurisdiction to
entertain the appeal, but affirm.

Was a Second Notice of
Appeal Needed?

            The System argues we have no
jurisdiction because Wilkins’s only motion for new trial was filed before the
final judgment rather than after it, and thus did not extend the appellate
deadlines.[1]  Generally, a premature motion for new trial
extends the appellate timetables.[2]  If a trial court modifies a judgment after
one motion for new trial has been filed, a second motion is not needed to
extend the deadlines if the first motion “assails” the modified judgment.[3]  A motion assails a later judgment if some of the
points in the earlier motion still apply to the later judgment.[4]  By attacking the trial court’s final
disposition (which was the same in both judgments), Wilkins’s motion qualifies.

            The System contends an exception
applies here because the trial court granted
Wilkins’s motion for new trial.[5]  In Harris
County Hospital District v. Estrada, our
sister court held a premature motion for new trial extends appellate deadlines
even if it has been overruled, but suggested a different rule might apply if
all relief sought in the motion had been granted.[6]  Assuming this exception is correct (which we
need not decide), it does not apply here because the trial court did not grant all
relief requested by Wilkins.  While the
trial court granted her request to consider additional evidence, her request to
continue the suit against the Hospital was denied.  Thus, Wilkins’s motion did “assail” the
subsequent judgment, thereby extending the appellate timetables and rendering
her notice of appeal timely.[7]

Was a Second Citation
Needed?

            Wilkins filed suit on June 21, 2000 (shortly before
limitations expired), naming “Methodist Health Care System d/b/a Methodist
Hospital System” as defendant, and serving citation on the System.  The System answered with a general denial and
25 defenses, many of which appear to be form objections very unlikely to have
anything to do with the facts of this case.[8]  What the answer did not include was any complaint that the wrong party had been served
or that the alleged assumed name was incorrect.

            The trial court’s joinder deadline came and went.  In its responses to Wilkins’s requests for
disclosure, the System represented:

·         
the correct names of the parties to the lawsuit
were “Robinetta Wilkins” and “The Methodist Health
Care System”;

·         
it had “no responsive information” as to the
names of potential parties; and

·         
there were no applicable insurance agreements,
as the Hospital (not the System) was self-insured.

 

After
being compelled by order of the trial court, the System made extensive responses
to Wilkins’s interrogatories and requests for production concerning, among
other things:

·         
policies applicable to “your operating rooms” in
effect at the time of the surgery;

·         
documents concerning the incident; and

·         
names, addresses, and phone numbers of every
doctor, nurse, technician, and assistant participating in the surgery or providing
treatment after it.

 

            Finally, on the pleadings cut-off
date (July 10, 2001), the
System filed an amended answer adding its 26th defense—that Wilkins had sued
the wrong entity by suing the System rather than the Hospital.  But there was no verified denial, so the
System may have remained liable for the surgery.[9]  That defect was finally remedied eight months
later, when the System added a verified denial of standing, capacity, defect of
parties, and assumed name. 

            Wilkins’s only response to these
developments was to amend her petition to name as defendants “Methodist Health
Care System and the Methodist Hospital,
doing business collectively as the Methodist Health Care System, Inc.”  The amendment was served by certified mail on
all attorneys of record.  It is
undisputed that no citation was issued and served with the amended petition on
the Hospital’s registered agent (the same person as the System’s registered
agent).

            In this appeal, Wilkins contends the
trial court misapplied the doctrines of misnomer and misidentification, and
erred in failing to take judicial notice of the System’s assumed names.[10]  As in many other cases, arguments could be
made whether this is a case of misnomer, misidentification, or assumed name, but
the parties have not presented those arguments here.  Although Wilkins relied on assumed name
below, she has abandoned that argument on appeal, never citing Rule 28,[11]
and mentioning assumed names only to support her claims regarding
misidentification.  Similarly, the System’s
sole argument on appeal (as well as in its motion below) is that misidentified
parties must be served with citation, and the Hospital never was.[12]  

            Clearly,
service of citation after discovery of a mistake is not required in misnomer
cases—by definition, the
correct defendant has already been served.[13]  Nor is service of a second citation required
in assumed name cases—again, the correct defendant has already been served, albeit in an
assumed name.[14]  Conversely, service of a new citation clearly
is required when two defendants have
no business relationship and service has been obtained only on the wrong one.[15]  

            The question presented is whether new service of citation
is required when there is a misidentification between two related
entities.  We believe it is.  Rule 124 provides “In no case shall
judgment be rendered against any defendant unless upon service, or acceptance
or waiver of process, or upon an appearance by the defendant, as prescribed in
these rules, except where otherwise expressly provided by law or these rules.”[16]  Sending the amended petition to a defendant’s
attorney does not constitute service of citation.[17]  Nor did the System’s attorney ever agree to accept
service or make an appearance on the Hospital’s behalf.  While the System’s responses to discovery
clearly required the assistance of Hospital personnel, helping a related
corporate entity with discovery responses does not constitute a general
appearance in this litigation.  

            It is true there was some evidence placing
this case among those allowing an equitable tolling of limitations due to
misidentification.  This rule tolls limitations when (1) two separate but related
entities (2) use a similar trade name and (3) the correct entity has notice of
the suit and is neither misled nor disadvantaged by misdirected service.[18]  Here, the
System admits it owned the Hospital, so there is no question the two entities
were related.  While we must disregard
the assumed name certificates Wilkins attached for the first time to her
appellate brief (which show the Hospital does business under the System’s name,
and vice versa),[19] there was other evidence offered that the Hospital
and the System used a similar trade name.[20]  And it is hard to imagine how the Hospital was either misled or disadvantaged,
as many of its employees and agents participated extensively in the discovery
process and were already designated to testify at trial.[21]

            But assuming limitations was tolled,
the question remains—tolled until what?  Obviously,
until the proper defendant was joined. 
Absent an appearance, waiver of service, or some other express provision
of law, the Texas rules allow
such joinder only by service of citation.

            Interestingly,
in the six misidentification cases in the last 50 years in which the Supreme
Court has found the requirements met for equitable tolling of limitations,
there is not a single instance in which new service of citation appears to have
occurred;[22]
in every case the plaintiff merely filed an amended petition without citation
or formal service.[23]  But in each of those cases, the proper party voluntarily appeared
to litigate the limitations issue;[24]citation
was unnecessary because there was a general appearance. In this case, the
Hospital avoided making such an appearance.

            It is hard to justify what happened
in this case.  The System must have been
immediately aware of Wilkins’s mistake, but did not point out the error until
the last possible moment.  There is no
suggestion how the Hospital would have been prejudiced by joinder
when the System finally objected.[25]  

            Moreover, it is hard to see what citation adds in these
circumstances.  Equitable tolling never
applies unless the correct defendant got notice of the suit, was not misled,
and suffered no prejudice from the original error.  And by filing a verified objection, the wrong
affiliate has insisted that the right affiliate be added.  

            It appears the federal courts are
headed in the direction of not requiring a new citation.[26]  A similar change has already occurred in Texas
assumed name cases, which formerly “tolled limitations” (suggesting new
citation was necessary),[27]
but now clearly do not require new citation.[28]  

            Further, assumed name and misidentification cases
frequently overlap—that is, the misidentified defendant bears an assumed name
recognized by the public.[29]  It is somewhat anomalous in these overlapping
cases that citation appears to be required if pleaded as misidentification, but
not required if pleaded as an assumed name.[30]  

            But it is not the role of this court
to amend rule 124 or add equitable exceptions to existing precedent.[31]  Accordingly, we affirm the trial court’s
dismissal of claims against the Hospital.

Remaining Issues

            The parties’ remaining issues can be
addressed briefly.  Wilkins admits in her
brief the System was the wrong defendant. 
Accordingly, the summary judgment favoring the System was properly
granted and is affirmed.[32]

            Wilkins also claims the trial court
should have taken judicial notice of the state’s assumed name records.  Although certified copies of those records
were readily available,[33] Wilkin’s attorney offered only affidavit testimony as to
what the secretary of state’s office reported in telephone conversations.  The trial court was not required to take
judicial notice of this hearsay.[34]

            The System argues the Medical Liability
Act bars equitable tolling in health care liability cases,[35] a
question the Supreme Court has noted but not decided.[36]  Because this argument was not included in its
summary judgment motion, we cannot address it.[37]

            For the reasons set forth above, we
hold the trial court did not err in granting summary judgment favoring the
System or in dismissing the claims against the Hospital. The judgment of the
trial court is affirmed.

 

 

                                                                                                                                                                                                                                    /s/        Scott Brister

                                                                                    Chief
Justice

 

Judgment
rendered and Opinion filed June 12,
 2003.

Panel consists of Chief Justice Brister and Justices Fowler and Edelman. 











[1] See Tex.
R. App. P. 26.1 (providing notice of appeal must be filed within 30 days
after judgment is signed, extended to 90 days if timely motion for new trial is
filed).





[2] See Tex.
R. App. P 27.2; Tex. R. Civ. P
306(c).





[3] See Tex.
R. Civ. P 306(c) (providing “[n]o motion for new trial . . . shall be
held ineffective because prematurely filed; but every such motion shall be
deemed to have been filed on the date of but subsequent to the time of signing
of the judgment the motion assails”); Nuchia v. Woodruff,
956 S.W.2d 612, 614-15 (Tex. App.—Houston [14th Dist] 1997, pet. denied)
(holding motion for new trial extended appellate timetable even though it was directed
at interlocutory judgment that did not become final until five months later
when remaining counterclaims were dismissed); see also Gunnels v. City of Brownfield, No. 07–02–0121–CV, 2002 WL
825567 (Tex. App.—Amarillo May 1, 2002, no pet.).





[4] See Nuchia,
956 S.W.2d at 614.





[5]
The System also argues Wilkins is requesting an advisory opinion because the
Hospital was never properly joined.  But that
is precisely the issue the trial court decided and from which she appeals;
because that issue is dispositive, it is not advisory
in the least.  By filing her notice of
appeal, Wilkins invoked our jurisdiction “over all parties to the trial court’s
judgment.”  See Tex. R. App. P.
25.1(b).  That includes parties dismissed.





[6] 831
S.W.2d 876, 879-80 (Tex. App.—Houston [1st Dist] 1992, no writ).  But cf.
A.G. Solar & Co. v. Nordyke, 744 S.W.2d 646,
647-48 (Tex. App.—Dallas 1988, no writ) (requiring “live” motion to extend
deadlines), disapproved on other grounds,
Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 282 &
n.2 (Tex. 1994) (holding “live” motion not required to preserve error, without addressing
appellate timetables).





[7] Wilkins
has requested permission to supplement the record with a second motion for new
trial she asserts she filed after the second judgment issued.  Although we initially granted this request,
our determination that the original motion assails the latter judgment makes
the supplementation of the second motion a moot point.





[8] Including
“acts of God,” “unavoidable accident,” and contributory negligence (though a
surgical instrument was lost in the plaintiff’s abdomen).





[9] See Tex.
R. Civ. P. 93(2), (4), & (14); see
also CHCA E. Houston, L.P. v. Henderson, 99
S.W.3d 630, 632–33 (Tex. App.—Houston
[14th Dist.] 2003, no pet. h.) (discussing whether misidentification raises a
question of capacity or defect of parties).





[10] See Chilkewitz v.
Hyson, 22 S.W.3d 825, 828 (Tex.
1999) (holding rule providing for suit in assumed name was separate from
doctrines of misidentification and misnomer).





[11] See Tex.
R. Civ. P. 28 (providing for suits in assumed name).





[12]
The System also argues the failure to serve the Hospital resulted in a nonsuit.  See Youngstown Sheet & Tube Co. v. Penn,
363 S.W.2d 230, 232 (Tex. 1962)
(holding order of summary judgment was final as it disposed of all served
defendants and impliedly nonsuited unserved defendant). 
It is unclear whether Youngstown
survives Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 205 (Tex. 2001) (holding order that does not follow conventional
trial on merits is not final unless it actually disposes of every party, or
clearly and unequivocally states its finality). But see Rape v. M.O. Dental
Lab, 95 S.W.3d 712, 715 (Tex. App.—Fort Worth 2003, pet. filed) (holding Youngstown
survives Lehmann).  In any event, Youngstown was
not a misidentification case, and thus does not address whether new citation is
needed.





[13] See Matthews Trucking Co. v. Smith, 682
S.W.2d 237, 238-39 (Tex. 1984).





[14] In Chilkewitz, the plaintiff sued and served a physician
individually, and later (after learning only the physician’s professional
association was involved in his surgery) amended his petition to name the
association as defendant.  Citation was
not served again.  The Supreme Court
acknowledged that in suits brought against an assumed name “at some point
before judgment, the plaintiff must amend the petition to add the correct legal
name of the actual defendant.”  See Chilkewitz,
22 S.W.3d at 829.  But new service was not required because “the
Association was notified of the suit through its only officer and director, who
also did business under the same name.”  Id. at 830.





[15] See Mapco, Inc. v. Carter, 817 S.W.2d
686, 687–88 (Tex. 1991)
(reversing judgment against entity that was never served, as evidence was not
sufficiently clear to indicate its relationship to defendant that was served).





[16] See Tex.
R. Civ. P. 124.





[17] See Tex.
R. Civ. P. 21a; H. L. McRae Co. v.
Hooker Constr. Co., 579 S.W.2d 62, 64 (Tex. App.—Austin
1979, no writ).





[18] See Chilkewitz, 22 S.W.3d at 830.





[19] See Mabon Ltd. v. Afri-Carib Enters., 29 S.W.3d 291, 301 (Tex.
App.—Houston [14th Dist.] 2000, no
pet.) (refusing to judicially notice pleadings that were not before trial
court).





[20] Wilkins attached to her motion for new trial copies
of (1) a System newsletter touting the national ranking of the Hospital, (2)
the plaintiff’s notice letter to the System describing the occurrence involving
Wilkins at the Hospital, and (3) a letter from the System’s risk manager to the
surgical instrument’s manufacturer regarding the incident at the Hospital.  See Chilkewitz, 22 S.W.3d
at 829 (holding
association’s use of stationery and phone number listing only physician’s name
was some evidence his name was association’s assumed name).





[21] In addition, the System and the Hospital had the
same registered agent, who was the System’s executive vice-president and
certainly would have known the nature of their relationship.  See Chilkewitz,
22 S.W.3d at 830 (holding suit against association was commenced
when it was filed in the name of and served on physician, the association’s only officer and director).





[22] Citation
did occur in one other case, but the Supreme Court did not apply the equitable
tolling rule because the requirements of the rule had not been met.  See
Matthews Trucking, 682 S.W.2d at 238 (holding citation served on proper
defendant was barred by limitations as plaintiff failed to present any evidence
of business relationship between the two misidentified parties).





[23] See Rooke v.
Jenson, 838 S.W.2d 229, 230 (Tex.
1992); Enserch Corp. v. Parker, 794
S.W.2d 2, 4 (Tex. 1990); Ealey v. Ins. Co. of N. Am., 660 S.W.2d 50, 51–3
(Tex. 1983); Cont’l S. Lines, Inc. v. Hilland,
528 S.W.2d 828, 829 (Tex. 1975); Price v. Anderson’s Estate, 522 S.W.2d
690, 691–2 (Tex. 1975); Womack Mach.
Supply Co. of Houston v. Fannin Bank, 504 S.W.2d 827, 827 (Tex. 1974) (approving in part Womack Machine Supply Co. of Houston v. Fannin Bank, 499 S.W.2d 917, 920 (Tex. Civ. App.—Houston [14th Dist.] 1973), rev’d on other grounds, 504 S.W.2d 827 (Tex. 1974).





[24] See Rooke, 838 S.W.2d at 229–30; Parker, 794 S.W.2d at 4; Hilland, 528 S.W.2d at 829; Price, 522 S.W.2d at 691.  In
Ealey and Womack, the misidentified party was a
plaintiff, and thus citation was not an issue.





[25] The
System asserts in passing that the Hospital would have been prejudiced because
it never could have been joined before limitations ran.  But this misses the point of tolling
limitations; as long as the System was diligently served (which it does not
deny), the effect of equitable tolling is that service of a corrected petition
and citation on the Hospital would have related back to the original filing
date.  See Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex.
1990) (holding service relates back to filing date if service is diligent); Montgomery First Corp. v. Caprock Inv. Corp., 89 S.W.3d 179, 183 n.3.  (Tex.
App.—Eastland 2002, no pet.) (holding service on correct party relates
back to filing date against misidentified party).





[26] See, e.g., Johnson v. Goldstein, 850 F. Supp.
327, 329–30 (E.D. Pa. 1994) (noting that “a growing number of courts and
commentators” would find proper service under Federal Rule of Civil Procedure
15(c) when “a party who has some reason to expect his potential involvement
hears of the commencement of litigation through some informal means” such as “when
there is a close relationship between the original party and the party to be
added.”).





[27] See Bailey v. Vanscot
Concrete Co., 894 S.W.2d 757,
759 (Tex. 1995). 
Interestingly, though, the Bailey
court noted the “key distinction” between that case and other misidentification
cases was Bailey’s failure to amend his petition to name the correct party;
Bailey’s failure to serve citation is not mentioned.  See id.
at 760-61.





[28] See Chilkewitz,
22 S.W.3d at 830.





[29] See id. at 827 (noting plaintiff sued “Morton Hyson, M.D.,” when true defendant was
“Morton Hyson, M.D., P.A.”); Parker,
794 S.W.2d at 6 (noting plaintiff sued “Lone Star Gas Company of Texas, Inc.”
when true defendant was “Enserch Corporation d/b/a Lone Star Gas Company”); Hilland, 528
S.W.2d at 829 (noting plaintiff sued “Continental Trailways,
Inc.,” when true defendant “Continental Southern Lines, Inc.” used trade name
“Continental Trailways”).





[30] See Chilkewitz,
22 S.W.3d at 830.





[31] See Lubbock County, Texas v. Trammel’s
Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex.
2002).





[32]
Furthermore, Wilkins does not argue on appeal and did not allege in the trial
court any doctrine that could make the parent corporation, the System,
responsible for the liabilities of its subsidiary, the Hospital.





[33] See Tex.
Bus. & Com. Code § 36.15.





[34] See Tex.
R. Evid. 201, 801, 802; Robinson
v. Warner–Lambert, 998 S.W.2d 407, 412 (Tex. App.—Waco 1999, no pet.).





[35] See Tex.
R. Civ. Stat. art. 4590i, §
10.01.





[36] See Chilkewitz, 22 S.W.3d at 830.





[37] See Johnson v. Brewer & Pritchard, P.C.,
73 S.W.3d 193, 204 (Tex. 2002).