TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00730-CV

NO. 03-04-00734-CV

NO. 03-04-00735-CVNO. 03-04-00737-CV

NO. 03-04-00738-CV

NO. 03-04-00739-CV

NO. 03-04-00740-CV







The Daneshjou Company, Inc., Appellant



v.



Joe Goergen

&

CNA Construction, Inc.

&

Modern Design and Construction, Inc.

&

Loredo Truss Company, Inc.

&

Loma Excavation, Inc.

&

G. P. Equipment Company

&

W. Lee Brown & Sons, Inc., Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NOS. GN403647, GN403032, GN402512, GN402481, GN403033, GN402513 & GN402685,
HONORABLE PAUL DAVIS, JUDGE PRESIDING






O R D E R

 Appellee W. Lee Brown & Sons, Inc. filed a motion to dismiss cause 03-04-00740-CV based on a late notice of appeal. (Cause number 03-04-00740-CV was consolidated with the
other causes listed in the heading for the purposes of briefing and argument. See The Daneshjou Co.,
Inc. v. Goergen, No. 03-04-00730-CV (Tex. App.--Austin Mar. 17, 2006) (order)). Brown notes
that the final judgment was signed on August 6, 2004. (1) Assuming this date of judgment, a motion
for new trial was due by September 7, 2004, but none was filed until September 16. Without the
extended appellate timetable conferred by a motion for new trial, appellant's notice of appeal would
have been due September 7, 2004, but was not filed until November 4, 2004, (2) which would have
been untimely. See Tex. R. App. P. 26.1(a). However, appellant Daneshjou actually filed an earlier
motion for new trial.

 On June 10, 2004, the trial court by letter indicated that it would grant a partial
summary judgment on all of Daneshjou's claims against W. Lee Brown & Sons except Daneshjou's
claim for contribution and noted a fact issue existed concerning Brown's quality of work. On July
15, 2004, the trial court signed an interlocutory order. On July 13, Daneshjou had already filed a
motion to clarify and reconsider the "judgment." (3) On July 29, Daneshjou filed a supplemental
motion to reconsider. Daneshjou wanted the court to clarify which basis for contribution remained
pending as it had claimed three possible grounds for contribution: section 17.555 of the business
and commerce code; chapter 33 of the civil practice and remedies code; and chapter 32 of the civil
practice and remedies code. (4) Daneshjou's motion also asked the court to reconsider its ruling, if it
had intended to grant summary judgment against Daneshjou on any of his grounds for contribution. 
For each ground, Daneshjou argued why the court was incorrect in denying the claim. In its
supplemental motion to reconsider, Daneshjou asserted it had express contractual indemnity claims
against Brown that should be considered. On August 3, the court overruled Daneshjou's motion. 
Then, on August 6, 2004, the court dismissed Daneshjou's claims for contribution and severed
Brown's cause, creating a final judgment against Daneshjou. Daneshjou asserts that the July motion
to reconsider had the effect of a motion for new trial with regard to the August judgment.

 A motion for new trial "shall be filed prior to or within thirty days after the judgment
or other order complained of is signed." Tex. R. Civ. P. 329b(a). The rules of appellate procedure
permit the appellate court to "treat actions taken before an appealable order is signed as relating to
an appeal of that order and give them effect as if they had been taken after the order was signed." 
Tex. R. App. P. 27.2. Premature filing rules are construed liberally in favor of the right to appeal. 
South Tex. GMAC Real Estate v. Cohyco, Inc., 124 S.W.3d 321, 325 (Tex. App.--Corpus Christi
2003, no pet.); Miller v. Hernandez, 708 S.W.2d 25, 27 (Tex. App.--Dallas 1986, no writ). For
example, a motion for new trial extended the appellate timetable even though directed at an
interlocutory judgment that did not became final until the court dismissed the remaining claims five
months later. Nuchia v. Woodruff, 956 S.W.2d 612, 614-15 (Tex. App.--Houston [14th Dist.] 1997,
pet. denied).

 A motion for new trial that complains of error brought forward in a subsequent
judgment generally operates to extend the appellate timetable on the judgment it assails. Wilkins v.
Methodist Health Care System, 160 S.W.2d 559, 562 (Tex. 2005). A motion for new trial that has
been overruled extends the appellate timetable when the complaints raised in the motion have not
been cured and remain applicable to a subsequent judgment. See Wilkins, 160 S.W.3d at 562 (citing
Harris County Hospital District v. Estrada, 831 S.W.2d 876, 880 (Tex. App.--Houston [1st Dist.]
1992, no writ)). (5)

 Daneshjou's July motion for reconsideration was directed at the trial court's denial 
of its claims for contribution. The court overruled Daneshjou's motion and dismissed its claims for
contribution. Therefore, Daneshjou's motion continued to assail the final judgment by arguing that
it was entitled to contribution from Brown, the claim that the trial court denied. Accordingly, the
July motion for contribution served as an effective premature motion for new trial. Daneshjou was
allowed to use the extended appellate timetable so the November 4 notice of appeal was timely. See
Tex. R. App. P. 26.1(a).

 Brown also complains that Daneshjou's notice of appeal filed on November 4, 2004,
named only LOC Consultants, Inc. as the appellee. The clerk's record in cause 03-740-CV contains
a notice of appeal that names LOC Consultants, Inc. as the appellee. However, the rule specifying
the contents of the notice of appeal does not call for a list of appellees. See Tex. R. App. P. 25.1(a). 
Further, the rules call for the appellant to file the notice of appeal in the trial court, with a copy to
the appellate court. Id. R. 25.1(e). This court filed a copy of the notice of appeal naming Brown as
the appellee. This notice contained a certificate of service showing service on Brown's counsel. Id. 
A mistake made by the district clerk's office in the compilation of the record when appellee Brown
was served with the notice of appeal is not a basis to dismiss the appeal. We overrule Brown's
motion to dismiss the appeal.

 It is ordered August 24, 2006.




 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Pemberton


1. Daneshjou complains that the judgment was initially signed on August 13, 2004, not
August 6. The clerk's record shows a judgment that has August 6 crossed out and August 13 written
in. A handwritten notation on the judgment in the clerk's record shows "corrected minutes." We
need not decide whether we treat August 6 or August 13 as the correct judgment date because we
determine that Daneshjou perfected the appeal as to either date.
2. The notice of appeal was received November 8, 2004. Daneshjou provided an affidavit
demonstrating that the notice of appeal, which has been filed, was properly mailed November 4,
2004. See Tex. R. App. P. 9.2(b) ("mailbox rule").
3. A motion for reconsideration of an order is the equivalent of a motion for new trial for
appeal purposes. See Finley v. J.C. Pace Ltd., 4 S.W.3d 319, 320 (Tex. App.--Houston [1st Dist.]
1999, no pet.) (effect of motion depends on nature of instrument; substance, not form, controls).
4. Tex. Bus. & Com. Code Ann. § 17.555 (West 2002); Tex. Civ. Prac. & Rem. Code Ann.
§§ 32.001-32.003 (West 1997); Id. §§ 33.001-33.017 (West 1997 & Supp. 2005).
5. The opinion then held that a motion for new trial that had been granted cannot assail a
subsequent judgment for purposes of determining the deadline for filing a notice of appeal. Wilkins
v. Methodist Health Care System, 160 S.W.3d 559, 564 (Tex. 2005).