**Petition for Writ of Mandamus Denied and Majority and Dissenting Opinions filed December 3, 2015.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-15-00109-CV

---

## IN RE GENE TIMBERLAKE, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JOAN HUGHES TIMBERLAKE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 380,396**

---

## D I S S E N T I N G   O P I N I O N

The proper disposition of this petition turns on a straightforward question of civil procedure: whether we should give effect to the plain language of (1) Texas Rule of Civil Procedure 329b(a), which authorized real parties Ray and Cecilia Timberlake to "file[]" their November 7, 2012 "motion for new trial . . . prior to . . . the judgment"; and (2) the trial court's ruling, as part of its June 14, 2013 judgment in favor of relator Gene Timberlake, that "all other and further relief

sought by any party . . . is hereby DENIED." If this ruling denied the motion for new trial, then under supreme court precedent, Ray and Cecilia's second motion for new trial (filed without leave on July 12, 2013) did not extend the trial court's plenary power, which expired July 15, 2013. *See* Tex. R. Civ. P. 4, 329b(b), (e); *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69 (Tex. 2008) (orig. proceeding). As a result, the new trial order signed September 18, 2013 is void, and Gene is entitled to mandamus relief. *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (per curiam).

My colleagues in the majority try to avoid this result by acting as though the first motion for new trial did not exist at the time of judgment because, under Texas Rule of Civil Procedure 306c, it was "deemed to have been filed on the date of but subsequent to the time of signing of the judgment." According to the majority, "the trial court *could not have* denied such a motion prior to or via its final judgment, as the motion was not yet considered filed." *Ante*, at 9 (emphasis added). Because this conclusion is contrary to decisions of the Supreme Court of Texas and this Court, conflicts with the plain language of the applicable rules and the trial court's judgment, and creates an anomalous hole in the trial court's plenary power to decide motions on file, it undermines the certainty and predictability that citizens rightly expect of the legal process. I respectfully dissent.

Rule 329b, which governs motions for new trial, provides that a motion "shall be filed *prior to* or within thirty days after the judgment or other order complained of is signed," and it gives the trial court "*plenary power* to grant a new trial . . . until thirty days after [the timely-filed motion is] overruled . . . ." Tex. R. Civ. P. 329b(a), (e) (emphasis added). Ray and Cecilia filed their first motion for new trial before judgment in compliance with this rule, giving the trial court

2

plenary power over that motion. *See also Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (per curiam) (recognizing general rule that trial court has "power to decide any . . . motion during its plenary jurisdiction").

At the hearing on the motion, the trial court stated its intention to proceed in an "orderly way" by "consider[ing] any judgment . . . first," then "sign[ing] a judgment, and "then you can file your motion for new trial and . . . go on down that road." The trial court's subsequent judgment "ORDERED . . . that all other and further relief sought by any party in this cause not otherwise granted in this Judgment is hereby DENIED." Ray and Cecilia apparently interpreted this language as denying their motion for new trial because they later filed a second motion for new trial, just as the trial court had suggested at the hearing.

Ray and Cecilia's conclusion that the trial court had denied their motion is surely a correct reading of the judgment's plain language: Ray and Cecilia are "part[ies]," their motion for new trial sought "relief," and nothing else in the judgment purported to grant that motion. Of course, courts are reluctant to conclude that such "Mother Hubbard" language in a judgment or order rendered without a trial finally disposes of the case because in that context, the language can be ambiguous.[1] But no such reluctance applies to Mother Hubbard language in judgments rendered after a trial (as this one was),[2] and as just explained, there is no ambiguity regarding whether this particular judgment denies Ray and Cecilia's motion for new trial.

---

[1] *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203–04 (Tex. 2001).

[2] *See, e.g., John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex. 2001) (per curiam) (applying presumption that judgment rendered after trial is final); *Stephens v. Dallas Area Rapid Transit*, 50 S.W.3d 621, 627 (Tex. App.—Dallas 2001, pet. denied); *Mendoza v. City of Houston*, No. 14-01-00363-CV, 2001 WL 520912, at *2 n.1 (Tex. App.—Houston [14th Dist.] May 17, 2001, no pet.) (not designated for publication).

The majority does not acknowledge the judgment's language, much less dispute that it would encompass a pending motion for new trial. Instead, the majority concludes that the trial court's oral statements at the hearing "indicate" that the court, despite the plain language of its judgment, did not really "inten[d] to deny the motion for new trial." *Ante*, at 9. But the majority misreads those statements. If the trial court had intended to leave the previously filed motion for new trial pending, the court would not have said "once I sign a judgment, *then* you can *file* your motion for new trial" (emphasis added).

Even if the majority's reading of the trial court's oral statements were also reasonable, the majority fails to explain how such ambiguity can provide a basis for disregarding the plain language of the written judgment. It is not an appellate court's function to search the reporter's record for scraps of oral commentary from which to construct an "intent" by the trial court that differs from the plain words of its written order, especially given that orders on motions for new trial must be in writing. Tex. R. Civ. P. 329b(c). This Court has long recognized that "we cannot look to the trial court's oral comments to change the written order. It is the court's order that counts, not the stated reason or oral qualifications." *Richardson v. Johnson & Higgins of Tex., Inc.*, 905 S.W.2d 9, 11 (Tex. App.—Houston [14th Dist.] 1995, writ denied); *see also Clay Expl., Inc. v. Santa Rosa Operating, LLC*, 442 S.W.3d 795, 799 n.6 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

The rule that oral statements cannot alter unambiguous documents is not unique to written court orders: it also applies to statutes and contracts. *E.g., City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008) ("When a statute's language is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe the language."); *Fiess v. State Farm Lloyds,* 202 S.W.3d 744, 747 (Tex. 2006) ("When the terms of a contract are clear,

4

a party may not introduce parol evidence to create ambiguity."). The rule is a sound one because, among other benefits, it "ensures that ordinary citizens are able to rely on the language. . . to mean what it says." *Fitzgerald v. Advanced Spine Fixation Sys.*, 996 S.W.2d 864, 866 (Tex. 1999). The majority's approach, in contrast, condemns the parties to uncertainty. *Cf. Richardson*, 905 S.W.2d at 12 (observing that rule against using oral comments to change written order "has the prophylactic effect of eliminating disputes over the plain meaning of a court's formal order or judgment").

Given that binding precedent prohibits the use of oral comments (especially ambiguous ones) to alter a written order, the majority also takes a fall-back position: the trial court's judgment "could not have" disposed of the motion for new trial because that "motion was not yet considered filed" under Rule 306c. *Ante*, at 9. That position rests on a misinterpretation of Rule 306c and related rules that is likewise foreclosed by binding precedent.

Rule 306c provides in pertinent part: "No motion for new trial . . . shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails . . . ." Tex. R. Civ. P. 306c. Relying on the portion of the rule after the semicolon, the majority reasons that Ray and Cecilia's first motion for new trial was deemed filed subsequent to the signing of the judgment, so the court could not have denied it in the judgment.

This reasoning ignores Rule 329b(a)'s express permission to file a motion for new trial before judgment, as well as the statement at the beginning of Rule 306c that such a filing is not ineffective. In addition, the majority fails to recognize that the function of Rule 306c's "deemed" date and time of filing is not to deprive the trial court of its plenary power to act on a motion for new trial prior

5

to that time. Rather, this deemed filing time avoids procedural traps by (1) clarifying that a motion for new trial can preserve complaints regarding a subsequent judgment, and (2) simplifying the calculation of the deadline to appeal. *See, e.g., Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665–66 (Tex. 2011) (per curiam); *Padilla v. LaFrance*, 907 S.W.2d 454, 458 (Tex. 1995). Neither of those functions is implicated here. To the contrary, the majority's view that a trial court cannot act before the deemed filing time will foster complexity and inefficiency, preventing the court not only from denying but also from *granting* a motion for new trial before judgment.

Finally, the majority's conclusion that a trial court cannot dispose of a motion for new trial prior to or via its final judgment conflicts with decisions of the Supreme Court of Texas, this Court, and other courts of appeals. In *Wilkins v. Methodist Health Care System*, 160 S.W.3d 559, 562–63 (Tex. 2005), the supreme court recognized a trial court's ability to grant or deny a motion for new trial prior to judgment and concluded that the motion need not be "live" in order to assail a subsequent judgment for error-preservation and deadline-calculation purposes. *See also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 282 (Tex. 1994). If the motion has become moot because all relief sought is subsequently granted, however, the motion will not assail a subsequent judgment. *Wilkins*, 160 S.W.3d at 563–64.

The supreme court based its conclusion on a decision of our sister court. In *Harris County Hospital District v. Estrada*, a party filed a motion for new trial before judgment, and the trial court first granted but subsequently denied the motion. 831 S.W.2d 876, 877–78 (Tex. App.—Houston [1st Dist.] 1992, no writ). The trial court then signed a final judgment, and the appellant filed a notice of appeal more than 30 but less than 90 days after the judgment. *Id.* at 878. The First

Court held that although the motion for new trial "had been expressly overruled by signed written order before the judgment was signed," the "timetable [to appeal] was extended." *Id.* Analyzing Rule 306c, as well as the predecessor to Texas Rule of Appellate Procedure 27, the court observed:

> The Texas Supreme Court has twice enacted rules to assure that cases are not dismissed because the motion for new trial was filed too soon. Neither of those rules limits their application to 'live' pleadings. . . . [G]iven the reasons for having [these rules], we find no significant difference between a premature motion that has been prematurely overruled, as in this case, and a premature motion that has not been prematurely overruled.

*Id.* at 880. The court therefore held that "when the trial judge denies some or all relief sought in a premature motion for new trial, the motion can 'assail' those particular parts of a subsequent judgment . . . [and] extends the deadline to appeal." *Id.*

This Court followed *Estrada* in *Nuchia v. Woodruff*, 956 S.W.2d 612 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). We held that the appellant's motion for new trial filed in April 1995 and "overruled nearly five months prior to the final judgment . . . should be considered applicable to the final judgment signed on October 5, 1995." *Id.* at 614. Relying on *Estrada*, we rejected the appellee's argument the motion did not assail the judgment "because it was overruled before the judgment was signed and therefore was not a live pleading." *Id.*[3] We therefore concluded that "the [appellant's] motion was deemed filed on October 5, 1995, after the final judgment was signed, and extended the time for filing the transcript" on appeal. *Id.* at 615.

---

[3] If the majority were correct that a trial court cannot act on a motion for new trial before judgment, the new trial motions in *Wilkins*, *Estrada*, and *Nuchia* would still have been live. Thus, it would have been unnecessary for the courts to consider whether a motion for new trial that was no longer live could assail a subsequent judgment.

7

In *Linan v. Padron*, the Corpus Christi Court of Appeals reached the same conclusion regarding the interplay between Rule 306c's deemed filing provision and the denial of a motion for new trial prior to judgment. No. 13-10-00070-CV, 2010 WL 3180278 (Tex. App.—Corpus Christi Aug. 12, 2010, no pet.). As the court explained, "[w]hen the trial court entered judgment on May 19, 2009, that became the effective date for the previous order denying appellant's early-filed motion for new trial." *Id.* at *4. As a result, "[t]he trial court's July 31 order granting a new trial more than thirty days after the first motion for new trial was overruled was void." *Id.*

I would follow the decisions and rules discussed above by holding that Ray and Cecilia's first motion for new trial was deemed filed and denied after the judgment was signed on June 14, 2013. Therefore, the trial court's plenary power expired on July 15, the court's subsequent order purporting to grant a new trial is void, and Gene is entitled to mandamus relief.

The majority's silent decision not to follow these binding authorities, as well as its reliance on unclear oral statements by a trial court to create an "intent" contrary to the plain language of a written order, strike at the values of certainty and predictability that are critical to the legitimacy of our justice system. "Requiring the application of law . . . does more than simply provide citizens notice . . . ; it also helps to assure the uniform general treatment of similarly situated persons that is the essence of law itself." *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 587 (1996). As the Supreme Court of Texas has explained:

> It does not follow that this Court, or any court, is entitled to apply or not apply the rules of law according to preference in the individual case. Those who depend upon the law require continuity and predictability. If the administration of justice is to be effective in the trial courts, the rules must not be constantly shuffled.

*Davis v. Davis*, 521 S.W.2d 603, 608 (Tex. 1975). Because the rules require that this petition be granted, I respectfully dissent.


/s/    J. Brett Busby
        Justice


Panel consists of Justices Jamison, Busby, and Brown (Brown, J., majority).