Affirmed and Memorandum Opinion filed June 19, 2008








Affirmed and Memorandum Opinion filed June 19, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00289-CR

____________

 

JOEL RODRIGUEZ BRIONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause No. 43425

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Joel Rodriguez Briones, appeals from his
conviction for aggravated sexual assault.  A jury convicted him and assessed
punishment at life in prison.  In a single issue, appellant contends that the
trial court erred in determining that appellant=s confession was
voluntarily given.  We affirm.

Background








Prior to trial, the court held a hearing on the
voluntariness and admissibility of appellant=s videotaped
confession.  At this hearing, a transcript of the interview during which
appellant made incriminating statements to Lieutenant Sonny Colunga of the Fort
Bend County Sheriff=s Department was admitted into evidence.[1] 
The transcript demonstrates that Colunga administered a polygraph examination
to appellant, during which appellant denied involvement in any sexual
assaults.  Colunga then informed appellant that he had failed the test and told
appellant that he (Colunga) could just leave and report that appellant had
failed.  Colunga then said A[b]ut there=s always reasons
for a person doing what they do.@  Colunga
additionally told appellant:  AI=m going to help
you to get out of here, I=m going to help you with the detective. .
. . [W]ith the truth, everything will come out right. . . . [A]t one point in
your life, you need to trust someone. . . .  I=m giving you my
word as a man. . . .  You need to speak with me and tell me everything, and we=ll solve all of
this.@  A short time
thereafter, Colunga added:  AI will call the detective, call her here. 
You and I will talk to her and we=ll explain to her
why. . . .  You have a disease. . . .  But we need to help you.@  Upon further
questioning by Colunga, appellant admitted that he had raped several women in a
particular apartment complex.  Throughout the interview, Colunga consistently
reminded appellant of the need to be truthful.

Appellant took the stand at the hearing and testified
inconsistently.  During direct examination by his own counsel, appellant stated
that (1) Colunga promised to help him, (2) he (appellant) thought Colunga would
help him go free, and (3) that is why he confessed.  On cross-examination,
appellant admitted that when Colunga made the alleged promises, appellant
already knew that he had assaulted three women.  When asked whether he actually
thought Colunga would let him go if he confessed to rape, appellant replied: AOf course not.@  Appellant
further acknowledged that he understood Colunga was not going to let him go if
appellant told him about the rape.  Appellant said that he Afelt more relaxed
and free@ once he made the
statements to Colunga.  Appellant said that Colunga Apromised me, you
know, likeClike psychological help or so, sort of.@  The following
exchange then occurred:








Q.      [H]e never promised you that he would help
you not have to do as much time on your criminal cases, did he?  That=s nowhere in there.  He never said
that.

A.      No.

Q.      He never promised you that you would go
free?

A.      No, he
only told me that he will help me out.

Still later, appellant testified that the only reason he
confessed was because he thought Colunga would let him out of jail if he told
the truth.  He also said that he thought Colunga might help him get fewer years
in jail, but he acknowledged Colunga never said he would talk to the district
attorney=s office for
appellant or get any of the charges dismissed.  Lastly, when asked whether
Colunga offered appellant anything specific for talking to him, appellant
replied A[o]nly help.@  In denying the
motion to suppress the confession, the trial court stated: A[T]he promise is
not of such a positive nature that it would be influential to the point that it
would cause the Defendant to speak untruthfully, and, therefore, I=m going to find
that the statement was given voluntarily . . . .@

Analysis

In a single issue, appellant contends that the trial court
erred in determining that appellant=s confession was
given voluntarily.  More specifically, appellant argues that the confession
resulted from positive promises of assistance made by Lt. Colunga.  Article
38.21 of the Texas Code of Criminal Procedure  provides that an accused=s statement may be
used against him Aif it appears that the same was freely and
voluntarily made without compulsion or persuasion.@  Tex. Code Crim.
Proc. art. 38.21.  The Court of Criminal Appeals has held that for a promise to
render a confession invalid under Article 38.21, the promise must be (1)
positive, (2) made or sanctioned by someone in authority, and (3) of such an
influential nature that it would cause a defendant to speak untruthfully.  Martinez
v. State, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004).  The actual truth or
falsity of a confession is irrelevant to a voluntariness determination.  Id.








We generally review a trial court=s decision to grant
or deny a motion to suppress under an abuse of discretion standard.  Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).  At a suppression
hearing, the trial court is the exclusive trier of fact and judge of the
credibility of the witnesses.  Mason v. State, 116 S.W.3d 248, 256 (Tex.
App.CHouston [14th
Dist.] 2003, pet. ref=d).  An appellate court affords almost
total deference to a trial court=s determination of
historical facts supported by the record, especially when the trial court's
findings are based on an evaluation of credibility and demeanor.  Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  The appellate court
affords the same amount of deference to a trial court=s ruling on Aapplication of law
to fact questions,@ also known as Amixed questions of
law and fact,@ if the resolution of those questions turns on an
evaluation of credibility and demeanor.  Id.  The court reviews de novo
those questions not turning on credibility and demeanor. Id.  When a
confession and alleged inducements are videotaped, we review the trial court=s ruling on an
application of law to facts de novo.  Herrera v. State, 194 S.W.3d 656,
658 (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d).

Appellant contends that Colunga made direct or implied
promises of a benefit likely to influence a defendant to speak untruthfully. 
He emphasizes Colunga=s statements:  AI=m going to help
you to get out of here, I=m going to help you with the detective. .
. . [W]ith the truth, everything will come out right. . . .@  These
generalized statements of help and comment on the power of truth, however, do
not constitute the kind of Aif-then . . . deal, bargain, agreement,
exchange, or contingency@ that is of such a nature to cause a
suspect to speak untruthfully.  Chambers v. State, 866 S.W.2d 9, 20-21
(Tex. Crim. App. 1993) (citing Freeman v. State, 723 S.W.2d 727, 731
(Tex. Crim. App. 1986)).








In
support of his argument, appellant relies primarily on Tovar v. State,
708 S.W.2d 25 (Tex. App.CCorpus Christi 1986, no pet.).  In Tovar, the court of
appeals reversed a trial court=s denial of a motion to suppress, finding that the promise
made was of such a nature as to improperly influence the defendant to confess. 
Id. at 28-29.  Specifically, the interrogating officer suggested that
the defendant=s pregnant wife would not be charged with marijuana possession if the
defendant confessed the marijuana in question belonged to him.  Id. at
28.  As discussed above, the alleged promise at issue in the present case does
rise to the specificity level of the Aif-then@ bargain struck in Tovar.

Appellant further points to Colunga=s statement that
appellant had Aa disease@ and needed help
as promising psychological treatment rather than incarceration.  Again, this
general statement of personal opinion does not rise to the level of an if-then bargain so
as to improperly influence a suspect to speak untruthfully.  See Chambers,
866 S.W.2d at 20-21; Freeman, 723 S.W.2d at 731.  Because we find
appellant=s arguments without merit, we overrule his sole issue.

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Memorandum Opinion filed June 19, 2008.

Panel
consists of Chief Justice Hedges, Justice Boyce, and Senior Justice Price.*

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 

 

______________________________

* Senior Justice
Frank C. Price sitting by assignment.









[1]  The videotaped interview was conducted largely in
Spanish, and the transcript contains an English translation of the interview.