**SOUTH TEXAS GMAC REAL ESTATE, Appellant,**

v.

**COHYCO, INC., Appellee.**

**No. 13–03–0093–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Dec. 12, 2003.

Rehearing Overruled Jan. 29, 2004.

---

322

J. Edward Mann, Jr., Jason R. Mann, Harlingen, for appellant.

Jim Denison, Adams & Graham, Karl M. Gibbon Jr., Harlingen, for appellee.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

This is a breach-of-contract case. Appellant South Texas GMAC Real Estate ("GMAC") challenges the trial court's summary judgment in favor of Cohyco, Inc., appellee ("Cohyco"). We dismiss for lack of jurisdiction.

### I. RELEVANT FACTS AND PROCEDURAL HISTORY

On February 27, 2002, GMAC sued Cohyco to recover a real estate commission,

claiming breach of contract and entitlement to attorney fees. On May 7, 2002, Cohyco filed a motion for summary judgment on GMAC's breach-of-contract claim. On June 19, 2002, GMAC amended its pleadings to allege other contract breaches, fraud, and quantum meruit in addition to seeking recovery of the real estate commission and attorney fees. The parties exchanged summary-judgment materials. The trial court signed a judgment on October 3, 2002 that discharged Cohyco "from any and all liability to Plaintiff South Texas GMAC Real Estate for breach of contract" (the "First Summary Judgment Order").[1]

Also on October 3, 2002, Cohyco filed a second motion for summary judgment addressing GMAC's newly alleged breach of contract, fraud, and quantum-meruit claims. On November 1, 2002, GMAC filed a motion for reconsideration of the First Summary Judgment Order and a motion for new trial. Both motions urged that GMAC's timely amended pleading alleged new contract breaches and asserted additional causes of action not addressed by Cohyco's summary-judgment motion.[2]

---

**1.** The First Summary Judgment Order is titled "Final Judgment."

**2.** The substance of the motion for new trial alleged:

2. Plaintiff believes the Court erred in its deliberation in granting Defendant's Summary Judgment (see Motion for Reconsideration of even date herewith).

3. As the Motion for Reconsideration points out, Plaintiff believes that the Court did not consider the allegations contained in its First Amended Petition which would render Defendant's Summary Judgment incomplete as not addressing all of the issues concerning the breach of contract claim made by Plaintiff.

The substance of GMAC's motion for reconsideration alleged:

I.

The Court, after considering Defendant's Motion for Summary Judgment, and Plaintiff's Response, granted a Summary Judgment in favor of Defendant on October 3rd, 2002. At the time Defendant filed its Motion for Summary Judgment, Plaintiff had only alleged in its Original Petition that Defendant breached a contract by not paying a commission. However, after the filing of Defendant's Motion for Summary Judgment, Plaintiff amended its petition in a timely fashion in accordance with the Texas Rules of Civil Procedure, whereby it clarified its claim for breach of contract, and further alleged claims under quantum meruit and fraud. Plaintiff now files this its Motion for Reconsideration, as Plaintiff believes that the Court did not consider Plaintiff's Amended Petition when it ruled that Defendant had not breached a contract with Plaintiff.

II.

In Plaintiff's First Amended Original Petition, it is alleged that Defendant breached its contract with Plaintiff by not providing written notice that the "current asking price" contained in the contract was no longer satisfactory, and that Defendant now required more per acre in order for Defendant to be able to sell the property that was the subject of the contract with Plaintiff. At a minimum, there is a fact issue as to whether Defendant provided the written notice required under the contract. Because Defendant had not properly provided written notice of its intent to modify the "current asking price", Plaintiff continued in its efforts to locate a buyer at the "current asking price," and ultimately found a buyer who was willing to purchase the subject property on said terms. Defendant refused to enter into a contract with this potential buyer under these terms. In the contract with Plaintiff that is the subject of this lawsuit, the contract contemplates different types of breaches, for which damages are specified. These remedies under the contract are in addition to damages for failure to pay a commission. Clearly the Defendant had obligations under the contract with Plaintiff in addition to the obligation to pay a real estate commission upon the sale of the subject property under the terms suitable to Defendant. *See highlighted excerpts from contract and Plaintiff's First Amended Petition attached as Exhibit A & B.*

Defendant's Motion for Summary Judgment argument was premised upon Plaintiff's Original Petition, in which Plaintiff did

GMAC responded to Cohyco's second motion for summary judgment on November 5, 2002, and the parties exchanged additional summary-judgment materials. The trial court overruled GMAC's motion to reconsider on November 22, 2002.[3] That same day, the trial court signed a "Final Judgment" that recited:

On the date of the signing of this judgment, Defendant's Second Motion for Summary Judgment came on for hearing and the Court being of the opinion that said Motion should be granted and the Court having previously granted Defendant summary judgment on Plaintiff's breach of contract claims, it is ACCORDINGLY,

ORDERED, ADJUDGED and DECREED that Defendant's Second motion for Summary Judgment is hereby in all things granted and that based thereon, and based on the Court's previous granting of Defendant's original Motion for Summary Judgment, that Plaintiff, SOUTH TEXAS GMAC REAL ESTATE, take nothing on any and all claims asserted herein by it against Defendant, COHYCO, INC., and that Defendant, COHYCO, INC., is hereby discharged from any and all liability to Plaintiff, SOUTH TEXAS GMAC REAL ESTATE.

It is further ordered that any and all court costs accrued herein shall be paid by Plaintiff, SOUTH TEXAS GMAC REAL ESTATE, and that any relief requested in this cause which is not hereby granted is hereby expressly denied.

Seventy-six days later, on February 6, 2003, GMAC filed its notice of appeal. This appeal ensued. Cohyco moves for dismissal, claiming that GMAC's notice of appeal was untimely because it was filed more than thirty days after the trial court signed the Final Judgment incorporating the First Summary Judgment Order. GMAC counters that we must consider its motion for new trial as prematurely filed, arguing that the motion for new trial operates to extend its time for filing a notice of appeal from the Final Judgment.

## II.  JURISDICTION

A motion for new trial "shall be filed prior to or within thirty days after the judgment or other order complained of is signed." Tex.R. Civ. P. 329b(a). Rule 306c directs that a motion for new trial filed before judgment "shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails...." Tex.R. Civ.

---

merely seek commissions owed. As such, it only addressed those portions of the contract pertaining to unpaid commissions, and did not address the additional allegations of breach of contract that Plaintiff made by way of its First Amended Petition. The contract does provide additional rights and duties, and obligations, and it is these additional rights, duties and obligations, that Plaintiff is alleging that Defendant breached. The court must not have considered these allegations contained in its First Amended Petition, and Plaintiff believes, if the Court considers said Plaintiff's First Amended Petition, that the Court will find that Defendant's Motion for Summary Judgment does not address the additional claims for breach of contract made in

Plaintiff's First Amended Petition, and consequently, the Court will find that a Denial of Defendant's Motion for Summary Judgment, is appropriate.

3.  GMAC asserts that its motion for new trial was overruled by operation of law but acknowledges that "it appears the Trial Court might have accidently expressly overruled the Motion for New Trial when its [sic] signed the order denying Appellant's Motion for Reconsideration." The order in question strikes through "motion for new trial" in the title and first paragraph but orders "that Plaintiff's Motion for New Trial and Motion to Reconsider are hereby in all things overruled."

P. 306c. Further, rule 27.2 of the rules of appellate procedure permits appellate courts to "treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed." TEX.R.APP. P. 27.2. Premature-filing rules prevent the procedural trap that otherwise could occur if a party prematurely filed a motion intended to assail a final judgment. *Padilla v. LaFrance*, 907 S.W.2d 454, 458 (Tex.1995). We construe premature-filing rules liberally in favor of the right to appeal. *Miller v. Hernandez*, 708 S.W.2d 25, 27 (Tex.App.-Dallas 1986, no writ); *see Nuchia v. Woodruff*, 956 S.W.2d 612, 614–15 (Tex.App.-Houston [14th Dist.] 1997, pet. denied) (holding that motion for new trial extended appellate timetable even though directed at interlocutory judgment that did not become final until court dismissed remaining counterclaims five months later); *see also Harris County Hosp. Dist. v. Estrada*, 831 S.W.2d 876, 878–79 (Tex.App.-Houston [1st Dist.] 1992, no writ) (op. on reh'g); *Syn–Labs, Inc. v. Franz*, 778 S.W.2d 202, 205 (Tex.App.-Houston [1st Dist.] 1989, no writ) (per curiam); *cf. Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 280–82 (Tex.1994) (holding that motion for new trial filed after original judgment, but before amended judgment, was sufficient to preserve factual-insufficiency points).

■ Thus, a premature motion for new trial may extend the appellate timetable. *Wilkins v. Methodist Health Care Sys.*, 108 S.W.3d 565, 567–68 (Tex.App.-Houston [14th Dist.] 2003, pet. filed). Permitting premature filings to extend deadlines eliminates "jurisdictional pitfalls that result in dismissals on technical grounds." *Miller*, 708 S.W.2d at 27. However, even liberal application of premature-filing rules carries a significant limitation. If a trial court modifies a judgment after a motion for new trial has been filed, a second motion is still needed to extend the deadlines if the first motion does not "assail" the modified judgment. *See Wilkins*, 108 S.W.3d at 567; *see also Fredonia State Bank*, 881 S.W.2d at 281 (concluding that motion for new trial relating to earlier judgment may be considered applicable to second judgment under rule 58(c) when substance of motion could properly be raised with respect to corrected judgment); *A.G. Solar & Co. v. Nordyke*, 744 S.W.2d 646, 647 (Tex.App.-Dallas 1988, no writ) (holding that premature notice of appeal that has been disposed of can no longer "assail" subsequent judgment).

■ Here, GMAC sought reconsideration of the First Summary Judgment Order and a new trial only on the basis that it had amended its pleadings to allege additional breaches and causes of action, claims that Cohyco's first motion for summary judgment had not addressed. The trial court signed the Final Judgment only after Cohyco filed a second motion for summary judgment on the additional breaches and causes of action raised by GMAC in its amended pleading. Therefore, we read GMAC's motion for reconsideration and its motion for new trial as challenging only the First Summary Judgment Order, not the Final Judgment. We find that GMAC's motion for new trial does not "assail" the Final Judgment. *See Wilkins*, 108 S.W.3d at 567. Accordingly, we also find that GMAC's motion for new trial did not extend GMAC's deadline for filing a notice of appeal. We hold that GMAC's notice of appeal, filed seventy-six days after the trial court signed the Final Judgment, was untimely. *See* TEX.R.APP. P. 26.1 (providing that notice of appeal must be filed within thirty days after judgment is signed, extended to ninety days if timely motion for new trial is filed).

### III. CONCLUSION

We dismiss this appeal for want of jurisdiction. *See Foster v. Williams,* 74 S.W.3d 200, 204 (Tex.App.-Texarkana 2002, pet. denied). We deny Cohyco's motion to dismiss as moot. *See Coinmach, Inc. v. Aspenwood Apt. Corp.,* 98 S.W.3d 377, 382 (Tex.App.-Houston [1st Dist.] 2003, no pet.).