NUMBER13-07-00273-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG



_______________________________________________________


IN THE INTEREST OF Z.I.Y. AND K.S.Y., MINOR CHILDREN_______________________________________________________


On appeal from the 347th District Court

of Nueces County, Texas

_______________________________________________________


MEMORANDUM OPINION ON MOTION FOR REHEARING



Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion on Motion for Rehearing

by Chief Justice Valdez




 Appellant Patricia Vaughn's motion for rehearing is denied. However, we withdraw
our memorandum opinion dated August 16, 2007 and substitute this memorandum opinion
in its place.

 Vaughn, the natural grandmother of Z.I.Y. and K.S.Y., appeals from a final divorce
decree that determined the custody of the minor children. Vaughn was an intervenor in the
divorce proceeding, but her plea in intervention was struck on January 3, 2007. She timely
filed a motion for new trial as to the trial court's ruling on her plea in intervention; Vaughn's
motion for new trial was denied on March 8, 2007. A final divorce decree was signed on
March 9, 2007. On April 27, 2007, Vaughn filed a motion for extension of time to file a
notice of appeal. See generally Tex. R. App. P. 26.3. In her motion for extension of time,
Vaughn requested that the deadline to file her notice of appeal be extended to May 7,
2007. Vaughn filed her notice of appeal on September 17, 2007.

 A motion for new trial "shall be filed prior to or within thirty days after the judgment
or other order complained of is signed." Tex. R. Civ. P. 329b(a) (Emphasis added). A
motion for new trial filed before judgment "shall be deemed to have been filed on the date
of but subsequent to the time of signing of the judgment the motion assails . . . ." Tex. R.
Civ. P. 306c. An appellate court may treat actions taken before an appealable order is
signed as relating to an appeal of that order and give them effect as if they had been taken
after the order was signed. Tex. R. App. P. 27.2. Thus, a premature motion for new trial will
extend the appellate timetable. South Tex. GMAC Real Estate v. Cohyco, Inc., 124
S.W.3d 321, 325 (Tex. App.-Corpus Christi 2003, no pet.). However, if a trial court
modifies a judgment after a motion for new trial has been filed, a second motion is still
needed to extend the deadlines if the first motion does not "assail" the modified judgment. 
Id.

 According to her motion for extension of time to file a notice of appeal, Vaughn's
motion for new trial challenged the trial court's decision to strike her plea in intervention. 
According to her motion for rehearing, Vaughn's motion for new trial sought relief from the
trial court's adoption of an agreed parenting plan. Under either ground, presumably
Vaughn's motion for new trial did not "assail" the final divorce decree. Because the motion
for new trial did not challenge the final divorce decree, the appellate timetables were not
extended. Id. Therefore, Vaughn's notice of appeal from the final divorce decree was due
on April 9, 2007. Tex. R. App. P. 26.1 (providing that the notice of appeal must be filed
within 30 days after the judgment is signed and providing exceptions for certain situation). 
A motion for extension of time to file a notice of appeal was due on April 24, 2007. Tex.
R. App. P. 26.3 (providing that the appellate court may extend the time to file the notice of
appeal if, within 15 days after the deadline for filing the notice of appeal, the party files the
notice of appeal in the trial court and file a motion complying with Rule 10.5(b) in the
appellate court). Vaughn's motion for extension of time to file a notice of appeal was filed
on April 27, 2007.

 Both Vaughn's motion for extension of time to file a notice of appeal and notice of
appeal are untimely. We dismiss Vaughn's appeal for want of jurisdiction.


 

 

 

 ROGELIO VALDEZ

 Chief Justice




Memorandum Opinion on Motion for Rehearing

delivered and filed on this the 11th day of October, 2007.