WITHDRAWN 4-11-13



# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00302-CV

**TODD PHILLIPPI,**

                                                                                **Appellant**

 **v.**

**CITI RESIDENTIAL LENDING, INC., ET AL,**

                                                                **Appellees**

**From the County Court at Law
Ellis County, Texas
Trial Court No. C-08-3657**

## MEMORANDUM OPINION

Appellees Citi Residential Lending, Inc. (Citi) and Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Argent Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2004-W8 (Deutsche Bank) have filed motions to dismiss this appeal for want of jurisdiction, arguing that Appellant Todd Phillippi's notice of appeal was untimely filed. Because Phillippi did not timely file a post-judgment motion that extended the appellate timetable, his notice of appeal was untimely, and we lack jurisdiction.

The relevant procedural history is as follows:

- On April 2, 2012, the trial court signed an order granting Citi's no evidence and traditional motions for summary judgment. Pursuant to the order, Phillippi took nothing by his claims against Citi, and all of Phillippi's claims against Citi were dismissed with prejudice.

- On April 26, 2012, the trial court signed an order granting Deutsche Bank's motion for summary judgment. Pursuant to the order, Phillippi took nothing by his claims against Deutsche Bank, and all claims against Deutsche Bank were dismissed with prejudice.

- On May 2, 2012, Phillippi filed a "Motion to Set Aside or Rehearing on Order of Summary Judgment." Phillippi requested in the motion that Citi's summary judgment be set aside and that he be granted a new trial because he was not properly served and thus had no notice of Citi's motions for summary judgment or of the summary judgment hearing.

- On May 11, 2012, the trial court signed an order granting Deutsche Bank's motion to dismiss without prejudice, which dismissed without prejudice Deutsche Bank's counterclaims. The order also stated: "It is further ordered the summary judgments entered in favor of Citi . . . on April 2, 2012 and Defendant/Counter-plaintiff Deutsche Bank . . . on April 26, 2012 are now final." This order was the final judgment for appellate purposes. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) ("A final judgment is one which disposes of all legal issues between all parties.").

- On June 13, 2012, Phillippi filed a "First Amended Motion to Set Aside or Rehearing on Order of Summary Judgment(s)." Phillippi requested in the motion that the final judgment, which finalized the earlier summary judgments in favor of Citi and Deutsche Bank, be set aside and that he be granted a new trial because of the service issues referred to above.

- On August 13, 2012, Phillippi filed his notice of appeal with the trial court clerk. The notice states: "Plaintiff in this matter, TODD PHILLIPPI hereby Appeals the final orders in this cause. The matter having been finally order [sic] on May 14, 2012. This Appeal being timely filed all matters of Summary Judgment and final Orders dispensing with this Cause are hereby Appealed."[1]

---

[1] Phillippi stated in his First Amended Motion to Set Aside or Rehearing on Order of Summary Judgment(s) and in his Notice of Appeal that the trial court entered the final judgment on May 14; however, the order was signed on May 11. It was later filed by the trial court clerk on May 14.

Generally, a notice of appeal is due within thirty days after the judgment is *signed*. TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is *signed* if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. TEX. R. APP. P. 26.1(a). The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court and files a motion for extension of time to file the notice of appeal in the appellate court. TEX. R. APP. P. 26.3. Furthermore, if the notice of appeal is filed within fifteen days of the date the notice was due but a motion for extension of time to file the notice of appeal is not filed, the appellate court will still imply a motion for extension of time to file a notice of appeal if the party supplies a reasonable explanation for the late filing of the notice of appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

In this case, Phillippi filed his notice of appeal ninety-four days after the date the final judgment was signed. He did not file a motion for extension of time to file the notice of appeal in the appellate court. Thus, for Phillippi's notice of appeal to be timely, he must have (1) timely filed a motion that extended the deadline to file a notice of appeal to ninety days after the date the judgment was signed; and (2) supplied a reasonable explanation for the late filing of his notice of appeal such that a motion for extension of time to file the notice of appeal is implied. *See* TEX. R. APP. P. 26.1(a); *Verburgt*, 959 S.W.2d at 617.

Although entitled "First Amended Motion to Set Aside or Rehearing on Order of Summary Judgment(s)," we interpret the substance of Phillippi's post-judgment motion to be a motion for new trial. *See Doctor v. Pardue*, 186 S.W.3d 4, 16 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("[W]e look to an instrument's substance rather than its form."). The issue then is whether Phillippi's post-judgment motion was timely filed.

A motion for new trial "shall be filed prior to or within thirty days after the judgment or other order complained of is signed." Tex. R. Civ. P. 329b(a). The trial court may not enlarge the period for taking any action under the rules relating to new trials except as stated in the rules of civil procedure. Tex. R. Civ. P. 5. Similarly, the appellate court is prohibited from construing Rule of Appellate Procedure 2 to alter the time for perfecting an appeal in a civil case. Tex. R. App. P. 2.

Phillippi's "First Amended Motion to Set Aside or Rehearing on Order of Summary Judgment(s)" was filed on June 13, 2012, thirty-three days after the final judgment was signed on May 11, 2012, and thus was not timely filed. Moreover, in Phillippi's response to Citi's and Deutsche Bank's motions to dismiss, he does not identify any other post-judgment motions that had been filed. But before concluding that Phillippi did not timely file a motion that extended the deadline to file a notice of appeal to ninety days after the date the judgment was signed, we must also examine Phillippi's original "Motion to Set Aside or Rehearing on Order of Summary Judgment," filed before the final judgment was signed. We also interpret the substance of this motion to be a motion for new trial. *See Doctor*, 186 S.W.3d at 16.

A motion for new trial filed before judgment "shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails. . . ." TEX. R. CIV. P. 306c. Further, an appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed. TEX. R. APP. P. 27.2. Thus, a premature motion for new trial can extend the appellate timetable. *S. Tex. GMAC Real Estate v. Cohyco, Inc.*, 124 S.W.3d 321, 325 (Tex. App.—Corpus Christi 2003, no pet.). But if a trial court modifies a judgment after a motion for new trial has been filed, a second motion is necessary to extend the deadlines if the first motion does not "assail" the modified judgment. *Id.*

Phillippi's original "Motion to Set Aside or Rehearing on Order of Summary Judgment," filed on May 2, 2012, before the final judgment was signed, challenged only the summary judgment in favor of Citi. It did not mention Deutsche Bank—neither the summary judgment in favor of Deutsche Bank on April 26, 2012, nor the final order dismissing Deutsche Bank's counterclaims without prejudice on May 11, 2012. Thus, Phillippi's original "Motion to Set Aside or Rehearing on Order of Summary Judgment" did not "assail" the final judgment. *See id.*; *see also Healthsouth Med. Ctr. v. PricewaterhouseCoopers L.L.P.*, No. 05-06-01041-CV, 2007 WL 2460082, at *2 (Tex. App.—Dallas Aug. 31, 2007, pet. denied) (mem. op.). And it did not extend the deadline to file a notice of appeal from the May 11, 2012 final order. *See S. Tex. GMAC Real Estate*, 124 S.W.3d at 325; *see also Healthsouth Med. Ctr.*, 2007 WL 2460082, at *2.

Because Phillippi did not timely file a motion that extended the deadline to file a notice of appeal to ninety days after the date the judgment was signed, Phillippi's notice of appeal was untimely filed. *See* TEX. R. APP. P. 26.1. We need not address whether Phillippi supplied a reasonable explanation for the late filing of his notice of appeal such that a motion for extension of time to file the notice of appeal is implied. *See Verburgt*, 959 S.W.2d at 617.

We grant Citi's and Deutsche Bank's motions to dismiss and dismiss this appeal for want of jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Motions granted, appeal dismissed
Opinion delivered and filed December 6, 2012
[CV06]