

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00302-CV

**TODD PHILLIPPI,**

**Appellant**

**v.**

**CITI RESIDENTIAL LENDING, INC., ET AL,**

**Appellee**

**From the County Court at Law**
**Ellis County, Texas**
**Trial Court No. C-08-3657**

## ORDER ON MOTION FOR REHEARING

Appellant Todd Phillippi has filed a motion for rehearing ("Motion to Reconsider Dismissal for Lack of Jurisdiction") in this cause. We will grant the motion for rehearing and reinstate the appeal.

The relevant procedural history is as follows:

- On April 2, 2012, the trial court signed an order granting Appellee Citi Residential Lending, Inc.'s (Citi's) no-evidence and traditional motions for summary judgment. Pursuant to the order, Phillippi took nothing by his claims against Citi, and all of Phillippi's claims against Citi were dismissed with prejudice.

- On April 26, 2012, the trial court signed an order granting Appellee Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Argent Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2004-W8's (Deutsche Bank's) motion for summary judgment. Pursuant to the order, Phillippi took nothing by his claims against Deutsche Bank, and all claims against Deutsche Bank were dismissed with prejudice.

- On May 2, 2012, Phillippi filed a "Motion to Set Aside or Rehearing on Order of Summary Judgment." Phillippi requested in the motion that Citi's summary judgment be set aside and that he be granted a new trial because he had not been properly served and thus had no notice of Citi's motions for summary judgment or of the summary judgment hearing.

- On May 11, 2012, the trial court signed an order granting Deutsche Bank's motion to dismiss without prejudice, which dismissed without prejudice Deutsche Bank's counterclaims. The order also stated: "It is further ordered the summary judgments entered in favor of Citi . . . on April 2, 2012 and Defendant/Counter-plaintiff Deutsche Bank . . . on April 26, 2012 are now final." This order was the final judgment for appellate purposes. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) ("A final judgment is one which disposes of all legal issues between all parties.").

- On June 13, 2012, Phillippi filed a "First Amended Motion to Set Aside or Rehearing on Order of Summary Judgment(s)." Phillippi requested in the motion that the final judgment, which finalized the earlier summary judgments in favor of Citi and Deutsche Bank, be set aside and that he be granted a new trial because of the service issues referred to above.

- On August 13, 2012, Phillippi filed his notice of appeal with the trial court clerk. The notice states: "Plaintiff in this matter, TODD PHILLIPPI hereby Appeals the final orders in this cause. The matter having been finally order [sic] on May 14, 2012. This Appeal being timely filed all matters of Summary Judgment and final Orders dispensing with this Cause are hereby Appealed."[1]

Citi and Deutsche Bank filed motions to dismiss this appeal for want of jurisdiction, contending that Phillippi's notice of appeal was untimely filed. In a

---

[1] Phillippi stated in his First Amended Motion to Set Aside or Rehearing on Order of Summary Judgment(s) and in his Notice of Appeal that the trial court entered the final judgment on May 14; however, the order was signed on May 11. It was later filed by the trial court clerk on May 14.

December 6, 2012 opinion, we granted their motions and dismissed this appeal for want of jurisdiction.

Generally, a notice of appeal is due within thirty days after the judgment is *signed*. TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is *signed* if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. TEX. R. APP. P. 26.1(a). The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court and files a motion for extension of time to file the notice of appeal in the appellate court. TEX. R. APP. P. 26.3. Furthermore, if the notice of appeal is filed within fifteen days of the date the notice was due but a motion for extension of time to file the notice of appeal is not filed, the appellate court will still imply a motion for extension of time to file a notice of appeal if the party supplies a reasonable explanation for the late filing of the notice of appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

In this case, Phillippi filed his notice of appeal ninety-four days after the date the final judgment was signed. He did not file a motion for extension of time to file the notice of appeal in the appellate court. Thus, for Phillippi's notice of appeal to be timely, he must have (1) timely filed a motion that extended the deadline to file a notice of appeal to ninety days after the date the judgment was signed; and (2) supplied a reasonable explanation for the late filing of his notice of appeal such that a motion for

extension of time to file the notice of appeal is implied. *See* TEX. R. APP. P. 26.1(a); *Verburgt*, 959 S.W.2d at 617.

We begin with the first requirement. We construe the substance of Phillippi's "Motion to Set Aside or Rehearing on Order of Summary Judgment," filed on May 2, 2012, and his "First Amended Motion to Set Aside or Rehearing on Order of Summary Judgment(s)," filed on June 13, 2012, to be motions for new trial. *See Doctor v. Pardue*, 186 S.W.3d 4, 16 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("[W]e look to an instrument's substance rather than its form."). A motion for new trial "shall be filed prior to or within thirty days after the judgment or other order complained of is signed." TEX. R. CIV. P. 329b(a). A motion for new trial filed before judgment "shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails. . . ." TEX. R. CIV. P. 306c. The trial court may not enlarge the period for taking any action under the rules relating to new trials except as stated in the rules of civil procedure. TEX. R. CIV. P. 5. Similarly, the appellate court is prohibited from construing Rule of Appellate Procedure 2 to alter the time for perfecting an appeal in a civil case. TEX. R. APP. P. 2.

Citi and Deutsche Bank argued in their motions to dismiss as follows: Phillippi's original "Motion to Set Aside or Rehearing on Order of Summary Judgment," filed on May 2, 2012, could not be considered a premature post-judgment motion for new trial because it challenged only the summary judgment in favor of Citi and therefore did not "assail" the final judgment. *See* TEX. R. CIV. P. 306c. Phillippi's "First Amended Motion to Set Aside or Rehearing on Order of Summary Judgment(s)," filed on June 13, 2012,

was filed more than thirty days after the final judgment was signed and thus was not timely filed. *See* TEX. R. CIV. P. 329b(a). Phillippi, therefore, did not timely file a motion that extended the deadline to file his notice of appeal to ninety days after the date the judgment was signed.

In Phillippi's response to Citi's and Deutsche Bank's motions to dismiss, he did not dispute that his "First Amended Motion to Set Aside or Rehearing on Order of Summary Judgment(s)" was untimely because it was filed more than thirty days after the final judgment was signed. *See* TEX. R. CIV. P. 329b(a). Phillippi complained, however, that, pursuant to Rule 306c, his original "Motion to Set Aside or Rehearing on Order of Summary Judgment" extended the deadline to file his notice of appeal to ninety days after the date the judgment was signed.

We originally agreed with Citi and Deutsche Bank, granted their motions to dismiss, and dismissed Phillippi's appeal for want of jurisdiction. We concluded that Phillippi's original "Motion to Set Aside or Rehearing on Order of Summary Judgment" did not "assail" the final judgment because it challenged only the summary judgment in favor of Citi and did not even mention Deutsche Bank. *See Healthsouth Med. Ctr. v. PricewaterhouseCoopers L.L.P.*, No. 05-06-01041-CV, 2007 WL 2460082, at *2 (Tex. App.—Dallas Aug. 31, 2007, pet. denied) (mem. op.) (holding motion for consideration filed before final judgment did not extend deadline for filing notice of appeal because motion challenged only granting of summary judgment in favor of one defendant and not subsequent granting of special appearance in favor of another defendant). Thus, we

concluded that Phillippi's motion did not extend the deadline to file his notice of appeal to ninety days after the date the judgment was signed.

After considering Phillippi's motion for rehearing and Citi's and Deutsche Bank's responses to the motion for rehearing, we now agree with Phillippi.

The Rules of Appellate Procedure should not be read to defeat the right to appeal except when such a construction is absolutely necessary. *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 282 (Tex. 1994). Addressing the issue of error preservation, the Texas Supreme Court held in *Fredonia State Bank* that a motion for new trial complaining of error brought forward in a subsequent judgment preserves those complaints on appeal to the extent they are applicable to that judgment. *Id.* at 281. In *Wilkins v. Methodist Health Care System*, the Supreme Court then held that such a motion also generally operates to extend the appellate timetable on the judgment that it assails. 160 S.W.3d 559, 562 (Tex. 2005).

Although related to the April 2, 2012 summary judgment in favor of Citi, the substance of Phillippi's original "Motion to Set Aside or Rehearing on Order of Summary Judgment" could properly be raised with respect to the May 11, 2012 final judgment. The motion therefore assails the final judgment and operates to extend Phillippi's deadline to file his notice of appeal to ninety days after the date the final judgment was signed. *See id.*; *Nuchia v. Woodruff*, 956 S.W.2d 612, 614-15 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (holding that motion for new trial extended appellate timetable even though directed at interlocutory judgment that did not become final until court dismissed remaining counterclaims five months later because

premature motion applied equally to subsequent judgment); *cf. S. Tex. GMAC Real Estate v. Cohyco, Inc.*, 124 S.W.3d 321, 325 (Tex. App.—Corpus Christi 2003, no pet.) (holding that motion for new trial directed at interlocutory judgment did not extend appellate timetable because motion's substance could not be raised with respect to final judgment). Phillippi has satisfied the first requirement for his notice of appeal to be considered timely.

Citi and Deutsche Bank argue that even if the appellate timetable was extended, Phillippi failed to satisfy the second requirement for his notice of appeal to be considered timely—that he supplied a reasonable explanation for the late filing of his notice of appeal such that a motion for extension of time to file the notice of appeal is implied. We did not reach this issue in our December 6, 2012 opinion.

A reasonable explanation is "any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)). Under the liberal standard of review applied in cases involving untimely appeals, "[a]ny conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance—even if that conduct can also be characterized as professional negligence." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989); *see also Hone*, 104 S.W.3d at 887. Thus, the proper focus in such cases "is on a lack of deliberate or intentional failure to comply." *Garcia*, 774 S.W.2d at 670.

Phillippi's explanation for the late filing of his notice of appeal is that he inadvertently and unintentionally calculated the 90-day deadline from the date on which the final judgment was filed rather than from the date on which the final judgment was signed. Citi and Deutsche Bank argue that such "conscious indifference" to the date of signing is not a reasonable explanation that would support extending the deadline to file the notice of appeal. We disagree. Phillippi's explanation shows that he did not deliberately or intentionally fail to timely file his notice of appeal; therefore, he has supplied a reasonable explanation for the late filing of his notice of appeal such that a motion for extension of time to file the notice of appeal is implied. *See id.* And we grant the implied motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3.

Having satisfied the two requirements stated above, Phillippi's notice of appeal is timely; therefore, we have jurisdiction of his appeal. We grant his motion for rehearing and reinstate his appeal. The opinion and judgment issued on December 6, 2012, are withdrawn.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed April 11, 2013
Publish