

# Fourth Court of Appeals
## San Antonio, Texas

December 4, 2015

No. 04-15-00544-CV

Juan J. **VILLARREAL,**
Appellant

v.

Roberto **JIMENEZ**,
Appellee

From the 218th Judicial District Court, Frio County, Texas
Trial Court No. 12-10-00348CVF
Honorable Donna S. Rayes, Judge Presiding

## O R D E R

On September 25, 2015, appellee filed a motion to dismiss this appeal for want of jurisdiction asserting the notice of appeal was untimely filed. On October 1, 2015, we ordered appellant to file a response showing cause why we should not grant appellee's motion and dismiss the appeal for want of jurisdiction. In his response, appellant argues the trial court granted a motion for new trial within its plenary power and his filing of a motion for reconsideration extended the appellate timetable. Appellee filed a reply to appellant's response, arguing the trial court did not grant a new trial because no written order was signed.

On June 1, 2015, appellant filed a motion for reconsideration, seeking reconsideration of his affirmative defense argued at trial. On June 11, 2015, the trial court signed a final judgment setting aside certificates of title. On June 23, 2015, the trial court held a hearing on appellant's motion for reconsideration, interpreting the motion as a motion for new trial. The trial court orally granted the motion for new trial; however, an order granting a new trial must be in writing and signed. TEX. R. CIV. P. 329b(c); *see In re Lovito-Nelson*, 278 S.W.3d 773, 775 (Tex. 2009) ("Rule 329b(c) requires a written order to grant a new trial.") Accordingly, the trial court's oral pronouncement was not sufficient to grant a new trial. *See* TEX. R. CIV. P. 329b(c); *Lovito-Nelson*, 278 S.W.3d at 775.

Nevertheless, appellant's premature motion for reconsideration extends the appellate timetable. *See* TEX. R. APP. P. 27.2; *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 561-62 (Tex. 2005); *South Tx. GMAC Real Estate v. Cohyco, Inc.*, 124 S.W.3d 321, 325 (Tex.

App.—Corpus Christi-Edinburg 2003, no pet.). When a party files a motion for new trial, the notice of appeal is not due until ninety days after the judgment is signed. TEX. R. APP. P. 26.1. A motion for new trial filed before a judgment "shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails…." TEX. R. CIV. P. 306c; *see also Wilkins*, 160 S.W.3d at 561-62; *Cohyco*, 124 S.W.3d at 324; TEX. R. APP. P. 27.2 (permitting appellate courts to "treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed"). Accordingly, because appellant's motion for reconsideration extends the appellate timetable, appellant's notice of appeal was due September 9, 2015, ninety days after judgment was signed. Appellant filed his notice of appeal on September 1, 2015. Accordingly, appellee's motion to dismiss the appeal for want of jurisdiction is **DENIED**.

The clerk's record and reporter's record have been filed as of this date. We therefore **order** appellant to file in this court, **on or before January 4, 2016,** his appellant's brief.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of December, 2015.

_____
Keith E. Hottle
Clerk of Court